Beesman *v.* The City of Peoria.

George A. Beesman, Plaintiff in Error, *v.* The City of Peoria.

ERROR TO PEORIA.

The mayor of a city has no judicial power.
Where a Circuit Court has only appellate jurisdiction, consent cannot vest it with original jurisdiction.

On the 27th March, 1850, Heyl, city marshal of Peoria, made a complaint against Beesman, before the mayor of the city of Peoria, for keeping open a grocery on Sunday, contrary to an ordinance of said city. The cause was tried before the mayor, and defendant fined $25. He appealed to the Circuit Court.

Nov. 12, 1851, Kellogg, Judge, presiding, the cause was tried in the Circuit Court, and judgment rendered in that court for the same sum of $25, and costs.

Errors assigned: First, The Circuit Court erred in entertaining jurisdiction of this cause.

Second, Said court erred in rendering judgment against the plaintiff.

Third, The mayor of the city of Peoria not having jurisdiction in that case, the Circuit Court had none on the appeal, and should have dismissed the suit.

N. H. Purple, for Plaintiff in Error.

H. Grove, for Defendant in Error.

Scates, C. J. The mayor of the city of Peoria has no judicial power under the constitution, and can have none, as settled in *The State, ex rel. City of Rockford,* v. *Maynard,* 14 Ill. R. 420. Having no power to enter judgment of fine, an appeal

can confer no jurisdiction of the offense upon the circuit court. *Ginn* v. *Rodgers*, 4 Gil. R. 134. Where the circuit court has no original, but only appellate, jurisdiction, consent can give none; it must be by appeal, and, to acquire it by appeal, the court below must have original jurisdiction. 4 Gil R. 134.

The case of *Allen* v. *Belcher, administrator,* has no application here, for the inferior court there may not have had, but the circuit had original jurisdiction. 3 Gil. R. 596.

The circuit court should have dismissed the complaint for want of jurisdiction, both in the circuit and mayor's court.

*Judgment reversed.*