IRA BROWN

*v.*

RICHARD C. ROUNSAVELL.

1. CONTRACT—*mutuality.* Where the obligee in a bond grants the right to purchase certain machines of him, to be re-sold within certain territory, and agrees to furnish the same at a discount, on a credit of six months, and a bond is given to him to secure payments for machines sold, it will not be void for want of mutuality.

2. SAME—*in restraint of trade.* A contract to furnish a party with sewing machines at a discount, and upon a credit, which provides that such party shall deal exclusively in the machine sold by the party agreeing to furnish, and to purchase the same of him exclusively, contains no such restraint of trade as to render it void.

3. PLEADING—*variance.* In a suit upon a bond for a breach of its conditions, where there was also a contract between the principal in the bond and the obligee, respecting the sale of sewing machines, the declaration showed that, by the contract, the obligee in the bond reserved the right to make sales in the territory named, while the condition of the bond showed that the other party had the exclusive right of purchasing from him the machines: *Held,* that there was no fatal variance, as the suit was upon the bond only.

4. VERDICT—*action of court as to form.* Where the verdict of a jury is not in form, mere irregularity in the proceedings of the court in having the same put in form, as in oral remarks and instructions which could not have affected the finding of the jury, except as to the mere form of the verdict, will not be sufficient error to reverse.

5. COURTS OF COOK COUNTY—*whether held by one or more judges,* Although the *placita,* or convening order, sent up in a record from the circuit court of Cook county, may show that the five judges were present and sitting, together with another assistant judge, yet if the bill of exceptions shows that the cause was tried by the latter judge alone, the judgment will not be reversed for the defect in the *placita.*

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the plaintiff in error.

Mr. CHARLES B. WELLS, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of debt on a penal bond, brought by Rounsavell, the defendant in error, against the plaintiff in error, Brown, and Hanson, Wulf and Farrart, the obligors in the bond.

The declaration recites that Hanson and Wulf, on September 4, 1871, made an agreement with Rounsavell, by which the latter granted to Hanson and Wulf the right to purchase from him the Ætna sewing machine and accessories, for the sale thereof within the county of Cook, he reserving the right to canvass and sell in said territory.

In consideration of which agreement, Hanson and Wulf agreed to deal exclusively in the Ætna sewing machines and accessories sold by Rounsavell, and to purchase their supply of the machines from him; that Rounsavell agreed to furnish the machines and accessories to Hanson and Wulf at a discount from Chicago retail prices of thirty per cent, on six months' time; that Hanson and Wulf agreed to pay Rounsavell for all machines and other articles that they might purchase, in cash, within six months from the time of purchase, and to balance their account monthly, either by cash or notes.

And then the declaration avers that, at the same time, Hanson, Wulf, Brown and Farrart, for the purpose of securing to Rounsavell the performance of the contract, made to Rounsavell the writing obligatory sued on, which was in the penalty of $5000, and subject to the following conditions :

"That whereas, by agreement of even date herewith, said Hanson and Wulf have been granted by said Richard C. Roun-

savell the exclusive right to purchase from him the Ætna sewing machines and accessories, to be sold by said Hanson and Wulf within the county of Cook, and State of Illinois: Now, if the above bounden Hanson and Wulf shall well and truly account and pay for all machines, goods and chattels, of every kind sold to them by said Richard C. Rounsavell, and shall well and truly pay, at maturity, all notes given by them to said Richard C. Rounsavell, to the amount of $5000, in payment for sewing machines, their accessories, etc., as stipulated in said agreement which is hereto annexed, then this obligation shall cease and be void, otherwise to remain in full force and virtue for one year from this date."

Then follow averments that, from and after that date, for one year next following, Rounsavell sold to Hanson and Wulf a large quantity of Ætna sewing machines and accessories, under the contract, of the value of $15,000, and that Hanson and Wulf had not paid for the same in cash or notes, nor balanced their account monthly, nor accounted for the machines, etc.

The plaintiff recovered a verdict and judgment for $5000 damages. Brown, one of the defendants, prosecutes this writ of error.

It is objected that the contract is void for want of mutuality, and for being in restraint of trade, and that there is a variance between the contract secured by the bond and the contract recited in the bond.

We see no want of mutuality. There were stipulations by each party. Rounsavell granted the right to purchase from him the sewing machines, for the sale thereof within Cook county, and agreed to furnish the same at a discount from Chicago retail prices of thirty per cent, on six months' time.

Because the contract restricts Hanson and Wulf to deal exclusively in the Ætna sewing machines sold by Rounsavell, and to purchase their supply of him, it is claimed to be in restraint of trade, and therefore void. We see nothing in such a contract so in restraint of trade as to make it, in that

respect, against public policy, and require that it should be adjudged void. We know of no warrant of authority therefor.

The alleged ground of variance appears to be this: that the contract, as recited in the condition of the bond, gives to Hanson and Wulf the *exclusive* right to purchase the machines from Rounsavell; whereas, the contract, as it is set forth to be in the recital of the declaration, reserves the right to Rounsavell to canvass and sell the machines in the territory of Cook county, thus showing the right not to be *exclusive* in Hanson and Wulf.

This, at most, would only be a misdescribing of the contract in a particular of description, presenting no fatal objection of variance.

But the sufficient answer to all these objections is, that the suit is upon the bond, and not upon the precedent agreement out of which the bond grew. It is for a breach of the condition of the bond in not paying for the machines purchased "as stipulated in said agreement," and the only necessity of any reference to the agreement, was, to ascertain how the machines were stipulated to be paid for in the agreement.

The points of objection do not touch the agreement in this respect.

The next objection taken is, on account of the action of the court with respect to the jury. The record shows the following proceedings in that regard: that the jury brought in a sealed verdict; which was for $5575 damages, and the plaintiff, under the suggestion of the court, entered a *remittitur* for $575. The defendants excepted to the verdict as not being in due form, whereupon the court returned the verdict to the jury, and instructed them orally that, if they found for the plaintiff, they should find only the amount of the penalty of the bond as debt, and that, if they so found, they might assess damages to the amount of $5000, and no more; and that, if they found for the plaintiff, they should find the debt due the plaintiff $5000, at any event, to which defendants

excepted, because it was oral, and thereupon the judge drew up, in writing, and read to the jury, the following instructions, to wit:

"1.   The jury are instructed that, in the form of their verdict in this case, they should, if they find for the plaintiff, find the penalty of the bond as debt, and then assess damages at such an amount as they think the plaintiff ought to recover, not exceeding five thousand dollars damages.

"2.   The verdict of the jury in this case may be in the annexed form, if for the plaintiff:   We, the jury, find the issues for the plaintiff.   We find the amount of debt due the plaintiff to be five thousand dollars, and assess the plaintiff's damages at —— thousand dollars."

To the giving of which instructions the defendants excepted.

The jury again retired, and afterward brought in again a written paper as their verdict, and thereupon, on inspection by the court, and the statements by the jury that the amount of damages stated in their verdict was the amount they found due the plaintiff, the judge orally instructed the jury that their said verdict was wrong, in that it found the debt as $5000, and the damages assessed at $575, provided they intended to give the plaintiff, in all, a larger amount in damages; to which oral instruction the defendants excepted.   The jury were then again ordered to retire and consider of their verdict.   One of the jurors, while the others were leaving the room, remained, and, out of the hearing and in the absence of the other eleven, entered into a conversation with the judge, and inquired in reference to the allowance of interest, and thereupon the judge orally stated the law, in substance as he had before stated it to the whole jury orally and in his written instructions; to which the defendants excepted; and the jury afterward brought in their verdict again for the plaintiff, finding the debt due him $5000, and assessing his damages at $5000.

38—78TH ILL.

The jury being inquired of by the court if that was their verdict, and there being some difference of opinion among them on that point, the judge, against the objection of the defendants, gave the jury the following instruction:

That if they find for the plaintiff, it is their duty to find, first, as debt, the amount of the bond offered in evidence, to wit: $5000, and to find as damages the amount they believe, from the proofs, the plaintiff ought to recover. As the plaintiff can not in this case have execution to collect the debt, but only for the damages, they should assess as damages the whole amount they think he is entitled to have, and not merely the interest on such amount. To which, and the giving of said instruction, the defendants excepted, and thereafterward the jury returned and brought in their verdict as last above named as found by them.

Although there was somewhat of irregularity in these proceedings, we perceive nothing in them which, under the circumstances, should be held sufficient ground for reversing the judgment. We can not think there was anything in them which could have had any effect whatever upon the jury, save in the framing of the form of their verdict.

It is the provision of the statute that the clerk shall enter the verdict of the jury in form, under the direction of the court. The execution of the bond was not put in issue by any plea verified by affidavit; so its execution stood admitted. The only thing in issue before the jury was, whether there had been a breach of the condition of the bond, and if so, then the amount of the damages. If the jury found there had been such breach, then it followed, of course, that the finding of the debt should be the penalty of the bond—$5000. It was improper, in the form for a verdict which the court gave to the jury, to name in it "——— thousand dollars," as that was an intimation that the amount of the damages should be at least $1000. The form should have been entirely blank as to the amount of damages. But, as the amount of the damages had been already found by the jury

to be $5575, it is not to be supposed that such intimation had any influence upon the finding of the jury as to the amount of the damages, and especially when the subsequent findings of the jury show their determination to give the plaintiff the same amount as in the first instance.

It was apparent to the court that the jury found the plaintiff's damages to be $5575, and that that was the sum they intended to give him as his actual recovery; but, from their unacquaintance with form, they had not made the finding, which in this case was formal, of the debt of $5000. It belonged to the province of the judge, in presiding over the trial, to see that the real finding of the jury was not defeated, in its force, by a defect in its form; and we can not think that the action of the court had any other effect than to assist the jury in shaping the actual verdict which had been found by them, into proper form.

It is assigned for error that the record shows that all of the five judges of the Cook circuit court were present and sitting, together with Hon. W. W. Heaton, judge of the third judicial circuit, as assistant judge, in the trial of the case.

Looking merely at the *placita*, this might so appear. As the constitution provides "that Cook county shall be one judicial circuit," that "the circuit court of Cook county shall consist of five judges, until," etc., the *placita*, showing the organization of the court at the term, does mention all such judges as present; but, although the *placita* be not in proper form, as this court has heretofore said, the bill of exceptions shows that the cause was tried before Hon. W. W. Heaton, judge of the third judicial circuit, and the judgment entry upon the record shows that the motion for a new trial came on to be heard before that judge, and that the motion was overruled, and the judgment rendered by him. So that the objection does not exist, in fact, that the cause was tried before more than one circuit judge. The bill of exceptions shows the trial was had before one circuit judge,

and the judgment should not be vitiated by any defect of form that there may be in the *placita.*

Finding no error in the record that is material, the judgment will be affirmed.

*Judgment affirmed.*