## JAMES M. HOAGLAND

*v.*

## GIDEON CREED *et al.*

1. JUDGE—*member of bar can not act as such.* A member of the bar can not sit and try a cause in the circuit court, as judge, where he has no color of right to the office, even by agreement of the parties, and if he does, the judgment pronounced by him will be a nullity.

2. WRIT OF ERROR—*to reverse a void judgment.* Where a judgment is a nullity, as, where the person presiding and trying the case is not a judge, either *de jure* or *de facto*, this court will not entertain a writ of error to reverse the same.

3. JUDICIAL POWER—*can not be conferred by consent.* Parties to a suit can no more empower any individual other than a judge of the court to exercise its powers, than they can confer jurisdiction of the subject matter upon a court by consent.

WRIT OF ERROR to the Circuit Court of Morgan county.

Mr. Oscar A. DeLeuw, for the plaintiff in error.

Messrs. Morrison, Whitlock & Lippincott, for the defendants in error.

Mr. Justice Scholfield delivered the opinion of the Court:

The record brought before us by this writ shows a trial, by agreement, before Edward P. Kirby, Esq., a member of the bar, and what purports to be a judgment rendered by him as judge of the circuit court of Morgan county. The bill of exceptions, or rather what purports to be the bill of exceptions, is signed by him; and it is impossible for us to close our eyes to the fact, however strongly we might be inclined to do so, that the record sought to be reviewed is one made by Edward P. Kirby, Esq., a member of the bar, and not by any one commissioned to act as circuit judge. What we might hold, did it appear that he was acting as circuit judge under color and claim of authority, we will not say—it is sufficient that all pretense that he was a judge *de facto* is without any foundation in the record. It expressly shows that he is a member of the bar, and that his authority for assuming to act as judge was the agreement of the parties. Freeman on Judgments, § 148, *Case* v. *State*, 5 Ind. 1, *State* v. *Anone*, 2 Nott & McCord, 27, *State* v. *Alling*, 12 Ohio, 16, *Blackburn* v. *State*, 3 Head, 690, and *Pepin* v. *Sackenmeyer*, 45 N. Y. 27, cited by the counsel for the defendant in error, are, therefore, not in point.

Under our constitution, judges are elected by popular vote, except to fill vacancies not to exceed one year, which shall be filled by the appointment of the Governor. Const. 1870, art. 6, sec. 32. And all judges shall be commissioned by the Governor. Same article, sec. 29. And, unlike the constitutions of some other States, it contains no authority for temporarily filling the office in any other way.

With regard to the doctrine that consent can not confer jurisdiction as to the subject matter, and that judicial power can not be delegated, we deem it unnecessary to enter into any extended discussion. All that need be said on these subjects is

so well said by Judge Cooley, in his work on Constitutional Limitations, 1st ed. p. 399, that we shall content ourselves with transcribing it: "But the courts of a country can not have those controversies referred to them by the parties which the law-making power has seen fit to exclude from their cognizance. If the judges should sit to hear such controversies, they would not sit as a court; at the most, they would be arbitrators only, and their action could not be sustained on that theory, unless it appeared that the parties had designed to make the judges their arbitrators, instead of expecting from them valid judicial action as an organized court. Even then, the judgment could not be binding as a judgment, but only as an award; and a mere neglect by either party to object to the want of jurisdiction, could not make the decision binding upon him, either as a judgment or as an award.   *   *   *   *

"If the parties can not confer jurisdiction upon a court by consent, neither can they by consent empower any individual other than the judge of the court to exercise its powers. Judges are chosen in such manner as shall be provided by law; and a stipulation by parties that any other person than the judge shall exercise his functions in their case would be nugatory, even though the judge should vacate his seat for the purpose of the hearing."

That which, in the present record, purports to be a bill of exceptions and judgment is, therefore, a nullity, and there is no case before us upon which we are authorized to render final judgment.

It follows, the writ of error must be dismissed.

*Writ dismissed.*