MAJOR MEREDETH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. PRACTICE—*absence of judge during argument of cause.* It is error for the judge before whom a case is being tried to leave the court room whilst the cause is being argued before the jury, and be employed in other official

duties, leaving an attorney to preside in his place; and it is no less error that he is in another part of the same building than if he were in another county.

2. The argument of a cause is as much a part of the trial as hearing the evidence, and the parties are entitled to have the judge present, and he can not, even by consent of parties, be elsewhere employed.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Major Meredeth was indicted at September term, 1876, of the McLean county circuit court, for the murder of George Murphy. The indictment contains three counts—first, charging the killing to have been done with a gun; second, with an ax, and third, with a weapon to the grand jury unknown. On being arraigned, accused entered a plea of not guilty. At next term of court, the cause was tried before a jury, who found defendant guilty, and that he suffer death as a penalty for the crime committed. Motions for a new trial and in arrest of judgment were severally overruled, and the court sentenced defendant to be hung until he was dead. Evidence as to the character of the homicide, when committed, and of circumstances tending to inculpate accused, was given, but, as the merits of the case are not discussed in the opinion of the court, it will not be necessary to make any statement of the testimony.

Contained in the record are a number of affidavits in support of the motion for a new trial, from which it appears the judge of the circuit court before whom the cause was tried, during the argument before the jury, "was absent for nearly two days from the court room, and employed in the trial of other causes, in a room at the opposite side of the court house." Accused was not asked, and it does not appear he ever gave, his consent to the absence of the judge during the progress of the trial, and, while some conflict appears, the weight of the testimony seems to be, it was with the consent of one or both counsel for defense. It was during the argument of the case the judge was out of the court room, in another part of the building, and, while so absent, his place on the bench was

occupied successively by two members of the bar. On two days, court was adjourned by order of the members of the bar presiding, instead of the judge.

One affidavit shows that, during the trial, no shot had been found in the body of deceased, nor was any testified to by any witness, and defendant's counsel believed none could be found, and based their argument for the defense upon that fact, but that, after the close of their argument, a bystander, with the use of a jack-knife, discovered what appeared to be a shot in a piece of skull that had before been handled by the jury, and that the same piece of skull was again submitted to the jury by the State's Attorney, in making his closing speech for the prosecution.

Another affidavit is to the effect, that, in consequence of the absence of the judge, the proper degree of order was not preserved in the court room; that articles previously introduced in evidence were allowed to be handled in the sight and nearly in the hearing of the jury, and that, when the shot was discovered in the skull, it was seized by the spectators, and passed from one excited group to another, and the party making the affidavit states he "believes that their words, eyes, conversations and excited gesticulations exercised a great influence on the jury." Counter affidavits tend to show the absence of the circuit judge from the court room was by consent of counsel; that they also consented that members of the bar selected should preside in the absence of the judge, and that no improper conduct was allowed in the court room on the part of bystanders, but, on the contrary, order was preserved as usual in such trials.

On application to the Supreme Court, in session, a writ of error was granted, and made a *supersedeas.*

Messrs. ALDRICH & KERRICK, for the plaintiff in error.

Mr. I. W. FIFER, State's Attorney, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is not material whether the judge of the circuit court was absent from the court room, during the trial of the cause, by consent of counsel for the defense. Neither accused nor his counsel for him could consent the judge of the court, before whom the cause was being tried, might be elsewhere employed in other official duties, and the cause be presided over by members of the bar selected for that purpose. It makes no difference the judge was in another part of the same building. It is no less error than if he had been in another county. Where the judge is engaged in trying causes, there is the court, and he can hold no court elsewhere, by proxy, at the same time.

The argument of a cause is as much a part of the trial as the hearing of evidence. It is a right in his defense, secured by the law of the land, of which a citizen can not be deprived. On two different days, members of the bar presiding assumed to exercise judicial functions by ordering adjournments of court. This court has decided, in two civil cases, a member of the bar, even with consent of parties, can not exercise judicial powers under our constitution, and that to do so, where it appears in the record, is error of such gravity as will warrant a reversal of the judgment rendered. *Hoagland* v. *Creed*, 81 Ill. 506; *Bishop* v. *Nelson*, 83 ib. 495; *Cobb* v. *The People, post*, p. 511. The decision is not affected by the consideration the judge was present a part of the time during the argument of the case. If he could be absent during any part of the trial, and his official duties could, during such time, be performed by a member of the bar, on the same principle his absence during the entire trial might be justified.

Serious misconduct, it is insisted, was permitted in the presence of the jury, hurtful to the cause of defendant; but, whether that is so or not, the absence of the judge from the court room, engaged in other judicial labors, for a part of two days, in a trial of this magnitude, can not be justified on any principle or for any cause. It is not allowable in a trial in-

volving only mere property interests, much less in a case where the life of a human being depends upon the issue.

Accused has had no such trial as the constitution guarantees to every person charged with crime, and hence the conviction can not be permitted to stand.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*