| 84 | 511 |
| 141 | 454 |
| 84 | 511 |
| 155 | 673 |
| 84 | 511 |
| 156 | 340 |

## Henry Cobb

### *v.*

### The People, for use, etc.

1. Dram Shop Act—*suit on bond executed under—exemplary damages.* In a suit upon a bond executed under the 5th section of the Dram Shop Act, exemplary damages can not be recovered, but only such actual damages as the party for whose use the suit is brought may sustain, either in person, property or means of support.

2. Judicial power—*can not be conferred on member of the bar.* A member of the bar can not, even by consent of parties, exercise judicial powers; and where it appears that a cause was tried by a member of the bar, the judgment will be reversed.

Appeal from the Circuit Court of Pike county; the Hon. C. L. Higbee, Judge, presiding.

Messrs. Hamilton & Rice, for the appellant.

Mr. Wm. A. Grimshaw, and Mr. J. W. Johnson, for the appellees.

Per Curiam: In a suit upon a bond executed under the 5th section of the "Dram Shop Act," exemplary damages can not be recovered, but actual damages only, and such as the party, for whose use the suit is brought, may sustain, either in person, property or means of support.

Under section 9,—and under which section most actions against dram shop keepers are brought,—such damages may be recovered, if actual damages shall be proved. It was error, therefore, to instruct the jury, in an action of debt on the bond, exemplary damages might be given.

It is objected, this cause was not tried by the judge of the court, but, by consent of parties, was tried by a member of the bar, the judge doing nothing more than rendering the judgment.

We have said, in other cases like this, that counsel can not clothe a person with judicial power to be exercised in this mode, and we adhere to what has been said on this point. *Hoagland* v. *Creed*, 81 Ill. 506, and *Bishop* v. *Nelson*, 83 ib. 601.

For these reasons, the judgment is reversed and the cause remanded.

*Judgment reversed.*