## WILSON H. STUBBINGS

*v.*

## THE CITY OF EVANSTON.

*Filed at Ottawa May 15, 1895.*

APPEALS AND ERRORS—*conflict between placita and bill of exceptions as to the sitting judge.* A judgment will be reversed on the ground that the record shows that the trial judge did not have jurisdiction, where the *placita* recites "pleas before" a person named, "sole presiding judge of the county court" of a designated county, while the bill of exceptions, entitled as in such county court, recites that the case came on for trial before another person, "one of the judges of said court presiding, and a jury," and it nowhere appears in the bill of exceptions that the person last named is the judge of the county court of any other county than that named.

APPEAL from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

HOYNE, FOLLANSBEE & O'CONNOR, for appellant :

If it is suggested that the appellant has waived his right to object by consenting to a trial in the court below without objection, we reply that consent cannot confer jurisdiction. *Leigh* v. *Mason*, 1 Scam. 249; *Beesman* v. *City of Peoria*, 16 Ill. 484; *Peak* v. *People*, 71 id. 278.

Jurisdiction cannot be given by consent to an individual who is not a judge. *Pike* v. *Chicago*, 155 Ill. 656; *Cobb* v. *People*, 84 id. 511; *Bishop* v. *Nelson*, 83 id. 601; *Hoagland* v. *Creed*, 81 id. 506.

GEORGE S. BAKER, for appellee:

It is true that consent cannot confer jurisdiction, but it is equally true that the record must disclose a want of jurisdiction. *Hoagland* v. *Creed,* 81 Ill. 506; *Cobb* v. *People,* 84 id. 511; *Bishop* v. *Nelson,* 83 id. 601.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a proceeding instituted in the county court of Cook county by the city of Evanston to condemn a part of appellant's lot and other property for the purpose of opening and extending a certain road in that city. Appellant filed a cross-petition asking for damages to the remainder of his land not taken. The verdict of the jury awarded $10,000.00 as compensation for the value of appellant's interest in the land taken, but awarded nothing for damages to the land not taken. Motion for new trial was overruled, and judgment was rendered on the verdict, from which judgment the present appeal is prosecuted.

One of the errors assigned is, that "the judge before whom the cause was tried did not have jurisdiction in the cause." This assignment of error is based upon the following facts: The *placita* at the beginning of the record contains the following recital: "Pleas before Hon. Frank Scales, sole presiding judge of the county court of Cook county," while the bill of exceptions, which contains in its entitlement the name of the county court of Cook county, recites as follows: "Be it remembered that heretofore towit: on the 29th day of June, 1893, being one of the days of said term of court before his Honor George W. Brown, one of the judges of said court, presiding, and a jury, this cause came on for trial upon the pleadings heretofore filed herein."

There is a manifest contradiction between the *placita* and the bill of exceptions. Not only is this so, but the *placita* and the bill of exceptions, when read together, plainly assert that there are two judges of the county

court of Cook county.   If the judge named in the *placita* was the sole judge of the county court of Cook county, then the judge named in the bill of exceptions had no jurisdiction to try the cause, because, under the constitution of this State, there can be but one judge of the county court of a county.   Section 18 of article 6 of the constitution says: "There shall be elected in and for each county one county judge and one clerk of the county court whose term of office shall be four years."

The bill of exceptions is signed: "George W. Brown, Judge."   It nowhere appears in the bill of exceptions, that George W. Brown was the judge of the county court of any other county than the county of Cook.   Therefore, the *placita* is not corrected by the bill of exceptions, as was the case in *Brown* v. *Rounsavell*, 78 Ill. 589, where the bill of exceptions showed that the judge, trying a case in the circuit court of Cook county, was a judge of the third judicial circuit.   Nor is the case at bar like that of *Jones* v. *Albee*, 70 Ill. 34.   There, a case in the Superior Court of Cook county was tried before "Josiah McRoberts, Judge," but an amendment to the record was procured, showing that said McRoberts was a judge of the seventh judicial circuit.   As George W. Brown could not be constitutionally a judge of the county court of Cook county while Frank Scales was the sole presiding judge thereof, he was nothing more than a private individual, so far as this record shows.   Jurisdiction cannot be given by consent to an individual who is not a judge.   (*Hoagland* v. *Creed*, 81 Ill. 506; *Bishop* v. *Nelson*, 83 id. 601; *Cobb* v. *People*, 84 id. 511; *Andrews* v. *Wheaton*, 23 Conn. 112).   Jurisdiction over the subject matter cannot be conferred upon a court by consent of parties, nor can the want of it be waived. (*Leigh* v. *Mason*, 1 Scam. 249; *Beesman* v. *City of Peoria*, 16 Ill. 484; *Peak* v. *People*, 71 id. 278.)

The judgment of the county court is reversed and the cause is remanded.

*Reversed and remanded.*