## Wm. F. Sell et al. v. James Branen.

1.  CONTRACTS—*In Restraint of Trade.*—It is well settled that an agreement not to transact business at a specific place or within a limited distance, if based upon a sufficient consideration, is valid.

2.  SAME—*In Restraint of Traffic in Intoxicating Liquors.*—Contracts held void, because of their being in restraint of trade, are so held upon the ground of public policy, and a contract restricting the retail traffic in intoxicating liquors in a town can not be considered against public policy, and is therefore valid.

3.  FORCIBLE DETAINER—*Possession Not Necessary.*—In this case, it was not necessary to the maintenance of an action of forcible detainer that appellee should have had possession of the rooms in controversy. See R. S., Chap. 57, Sec. 2, clause 2.

Forcible Detainer.—Appeal from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896. Rehearing denied May 19, 1897.

THOS. M. & JAS. W. CLIFFE, attorneys for appellants.

W. C. KELLUM, attorney for appellee.

The contract between Phelps and Branen is not such a contract as is void by reason of being in restraint of trade.

Contracts entered into for a sufficient consideration, in partial restraint of trade, where the limitation is reasonable, will be upheld. Cobbs v. Niblo, 6 Brad. 60; Stewart v. Ramsey, 11 Brad. 379; Brown v. Rounsavell, 78 Ill. 589; Linn v. Sigsbee, 67 Ill. 75; Diamond Match Co. v. Roeber, 106 N. Y. 473.

It is sufficient for the maintenance of this action that Branen had the right of possession; it is not necessary that he should have ever been in possession in order to maintain forcible detainer. Dunne v. Trustees of Schools, 39 Ill. 578; Cairo & St. L. R. R. Co. v. Wiggins Ferry Co., 82 Ill. 230.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On December 1, 1893, James M. Phelps while occupying a certain hotel building in Sycamore, Illinois, known as "Winn's Hotel," under a lease from testamentary trustee of Lewis Winn, deceased, entered into an agreement in writing with appellee whereby he leased to appellee two front rooms in the hotel, which had been used for a saloon until the 1st of November, 1895, for $50 per month. In the writing it was provided that Phelps should retain and have the use of the rooms for any purpose excepting the retailing of intoxicating liquors. That he should not, for the entire term of the lease, enter into or be in any wise interested in the retail traffic of liquor within the city of Sycamore, and that for a violation of the agreement by Phelps he should be required to give immediate possession of premises to appellee. Appellee was at the time in the saloon business at Sycamore.

It is plain this agreement was entered into for the purpose of restraining competition. After appellee had paid rent under the agreement about a year Phelps turned over the lease which he held to the hotel to Wm. F. Sell and Samuel Emery, who opened a saloon in rooms adjoining and opening into the ones which appellee had leased from Phelps.

Phelps did not use the two rooms for the sale of liquors but used them for a restaurant and lunch counter, which he conducted for Sell and Emery. Claiming that the agreement between him and Phelps had been violated, appellee demanded possession of the two rooms, which was refused. This suit for forcible detainer was commenced against Phelps, Sell and Emery, resulting in a judgment before a justice of the peace, and in the Circuit Court on appeal it was affirmed. The conduct of Phelps violated the spirit of his agreement if not the letter.

Its very purpose was to prevent the competition of a saloon in the Winn Hotel.

After reaping the fruits of his agreement for a year, and being allowed the exclusive use of the room leased, he arranged with third parties to open a saloon in the building and to use these rooms as a restaurant and lunch counter to be run in connection with it.

The contention that the contract is void because in restraint of trade can not prevail. In other kinds of business, and in those where the tendency is not immoral, it is well settled that an agreement not to transact business at a specific place or within a limited distance, if based upon a sufficient consideration, is valid. Linn v. Sigsbee, 67 Ill. 75; Brown v. Rounsawell, 78 Ill. 589. Contracts held void because of their being in restraint of trade are so held upon the ground of public policy.

It is difficult for us to see how a contract restricting the retail traffic of intoxicating liquors in a town can be considered against public policy. It was not necessary to maintain an action of forcible detainer that appellee should have possession of the rooms. Clause 2, Chapter 57, Hurd's Statutes.

The judgment was properly entered against Phelps and the other defendants, because they were in possession under Phelps. Judgment affirmed.