## William A. Weiboldt v. The Standard Fashion Co.

1. PRACTICE—*Where Propositions of Law are Presented Too Late.*— Propositions of law presented after the issues are determined and judgment rendered are too late and can not be considered.

2. SAME—*Where Propositions Will Not be Reviewed.*—Propositions of law will not be reviewed for error by an Appellate Court when the holding or refusal of them could in no way have guided the trial court in reaching its conclusion, as, when they are submitted after the finding and judgment.

3. CONTRACTS—*What is a Sufficient Consideration.*—Granting to a person the exclusive right to sell goods within certain limitations, is of itself sufficient as a consideration for a contract to purchase such goods.

4. SAME—*What is Not in Restraint of Trade.*—A contract whereby an agency is created to sell specific articles made by a party, and none others, and to sell at a fixed price, is not in restraint of trade.

Assumpsit, on a written contract. Trial in the County Court of Cook County; the Hon. C. W. RAYMOND, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed January 26, 1899.

On October 15, 1889, a contract in writing was entered into between appellant and appellee, the substantial provisions of which are as follows: Appellee granted to appellant "the exclusive agency for the sale of its patterns, for 937–939 Milwaukee avenue in the city of Chicago, for term of five years," unless terminated as provided. "Territory: bounded east by Chicago River, south by Augusta street (657), north by Armitage avenue (1605), west by city limits, whenever Valkenaar & Jacobs terminate their agency at present location." Appellant agreed to purchase of appellee "Gazettes published by said first party to amount of $150 per annum, at rate of six dollars per thousand single issues, and ten dollars per thousand double issues. To pay transportation on all goods, publications and patterns from Chicago. To keep on hand, for sale at retail only, during the above mentioned term, and until this contract is terminated as herein provided, six hundred dollars value in patterns at wholesale rates; to order a supply of new patterns, issued monthly. To pay one dollar at time of signing to bind this contract. To pay for all subsequent purchases on or before the fifteenth day of the month succeeding the date of shipment." Appellant also agreed "Not to assign this agency or the rights thereunder, nor transfer the same from the present location, 937–939 Milwaukee avenue, without the written consent of said first party. Not to sell nor deal in, directly nor indirectly, other patterns than those manufactured by said first party, nor allow such patterns to be sold or dealt in upon his premises. Not to purchase or receive 'Standard' patterns, except from said first party, direct, or the general agency of said first party, at Chicago; nor to sell patterns at prices other than those printed upon the labels. To permit said party of the first part or its representative, to take account of stock whenever it desires to do so. In case of failure to perform any of the clauses

in this agreement, to forfeit all rights under this contract, and all rights to exchange or return stock, and in such event said first party may, at its option, elect to cancel this agency, and establish another agency, provided two weeks' notice in writing has first been given to said second party by said first party, and said second party does not within such time perform all the terms of this agreement," etc.

Upon the 14th of November, 1889, appellant sent the following letter to appellee:

"Chicago, 11–14, 1889.

Mr. F. Koewing, President Standard Fashion Co., New York.

Dear Sir:—I have, by a profitable arrangement with the Butterick Company, resumed their agency, and herewith cancel any and all standing orders for your patterns and publications.             Respectfully yours,

W. A. Weiboldt."

Thereafter appellant did nothing to carry out the contract, but refused, and for a breach of the same this suit was brought. The issues were submitted to the trial court without a jury, and the trial resulted in finding and judgment for appellee.

H. W. Wells and C. C. Stilwell, attorneys for appellant.

Booth & Booth, attorneys for appellee; W. E. Hughes, of counsel.

Mr. Justice Sears delivered the opinion of the court.

The only question presented is the sufficiency of the evidence to sustain the finding of the trial court. We can not pass upon the rulings of the court in holding or refusing to hold propositions of law presented, because the propositions of law were presented too late, and after the issues had been determined and judgment rendered.

Propositions of law will not be reviewed for error by an appellate court when the holding or refusal of them could in no way have guided the trial court in reaching its conclusions, as, when they are submitted only after finding and judgment. Allman v. Lumsden, 159 Ill. 219.

We have, therefore, only to inquire if the evidence sustains the finding of the trial court.

Substantially all contention in this behalf by counsel for appellant is directed to the sufficiency of the contract. It is urged, first, that the contract is without consideration; second, that it lacks mutuality; third, that the damages are speculative; fourth, that the contract is void as being in restraint of trade; fifth, that it is void as being in contravention of the statute in relation to trusts and combinations; sixth, that by its terms the contract fixes the right to declare the contract ended as the only damages for a breach; and, seventh, that the contract is void as being against public policy.

We are of opinion that no one of these grounds of objection can be maintained. As to the first, it is enough to say that the granting to appellant of the exclusive right to sell the patterns of the appellee within certain limitations, is of itself sufficient as a consideration for the undertaking by appellant. Burch v. Hubbard, 48 Ill. 164; Buchanan v. International Bank, 78 Ill. 500.

As to the second objection, it can not be maintained that there was lack of mutuality in the contract, for the same reasons which go to the question of consideration apply equally to the mutuality of obligation. The appellee did agree to something, viz., to grant the exclusive right to sell as above noted. This was sufficient in this behalf. Brown v. Rounsavell, 78 Ill. 589; Standard Fashion Co. v. Ostrom, 16 N. Y. Sup. Ct., App. Div. 220.

It is complained under the third heading that the damages are speculative. Upon careful examination of all the evidence, we are not disposed to disturb the finding of the trial judge as to the damages. There was evidence from which he could arrive at some of the pecuniary loss to appellee by reason of the breach of the contract. We can not say that his conclusion was unwarranted.

The fourth contention, viz., that the contract is in restraint of trade, because by its terms appellant agreed to sell no other patterns than those of appellee, and not to sell their patterns except at a price fixed, is not tenable as

applied to a contract whereby an agency is. created to sell specific articles made by appellee, like the patterns here. Brown v. Rounsavell, *supra.*

The same reasoning applies equally to the application of the statute relating to trusts and combinations. By its terms, the limitations put upon an agent in the sale of his principal's (the manufacturer's) goods, are not affected.

Under the sixth heading, it is urged that the terms of the contract which provide that in the event of a breach by appellant, appellee may declare it canceled, operate to determine the damages and the only damages which can be recovered for such breach. The argument is without merit. The contract, while it provides that appellee may, in certain events, terminate the agency and engage another agent, does not purport to declare what shall be liquidated damages for a failure of appellant to carry out its terms.

The last of these grounds of objection is that the contract is void because by one of its provisions appellee undertakes to save appellant harmless from any damages which may result from a breach of another and different contract, theretofore made with another company. This ground of objection was not presented to the consideration of the court below, which would be a sufficient reason for refusing to consider it here. But the validity of the contract with the Butterick Company is not here involved, nor could it be determined from the evidence; nor is any enforcement sought or had of the provisions of this contract to indemnify the appellant for any loss consequent to a disregard of the terms of the Butterick contract.

The judgment is affirmed.