The Superior Coal Company, Appellee, *vs.* The E. R. Darlington Lumber Company, Appellant.

*Opinion filed October 26, 1908.*

Contracts—*when a coal contract is not void as in restraint of trade.* A contract for the sale of coal by a mining company to a retail coal dealer, whereby it is agreed that if the dealer will buy coal of the mining company the latter will not sell coal at wholesale prices to any other dealer in the town, is not void as contrary to public policy or in restraint of trade, even though it may incidentally restrict competition in the sale of coal in the town.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. Robert B. Shirley, Judge, presiding.

C. C. TERRY, and WELTY, STERLING & WHITMORE, for appellant.

EDWARD C. KNOTTS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced by the appellee in the circuit court of Macoupin county, against the appellant, to recover the purchase price of certain coal sold and delivered by the appellee to the appellant. The declaration contained the common counts, to which appellant filed three special pleas, which averred, in substance, that it was engaged in business at Benld, in said county, which business consisted of buying coal at wholesale and selling the same at retail; that appellee was engaged in mining coal and selling the same at wholesale; that the coal the purchase price of which was the subject matter of the suit was purchased by the appellant under a contract with the appellee, whereby it was agreed that if the appellant would buy coal of the appellee at wholesale and retail the same at Benld, the appellee would not sell coal at wholesale to any other dealer in coal at said place, etc. A demurrer was sustained to said special pleas, and the appellant having elected to stand by its pleas, a judgment was rendered against it for the sum of $1343.32, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The contention is made in this court that the judgments of the Appellate and circuit courts should be reversed on the ground that said contract was in restraint of trade and contrary to public policy, and that the purchase price of coal delivered under said contract could not be recovered in consequence of the invalidity of said contract. We do not agree with such contention. The contract was clearly entered into by the parties for their mutual benefit and with a view to facilitate trade and increase their business, and not with a view to restrain trade or to create a monopoly

in the sale of coal at the town of Benld, and the fact that the effect of the contract may have been to incidentally restrain competition in the sale of coal at said town did not make the contract illegal and void.

In *Southern Fire Brick and Clay Co.* v. *Garden City Sand Co.* 223 Ill. 616, the validity of a contract whereby the owner of a bed of fire clay agreed with certain experienced fire clay miners and corporations to erect a plant to be operated by said fire clay miners, the product of which was to be taken by said corporations at a fixed price, the owner agreeing not to operate a fire clay plant on any other land owned or controlled by him and the miners agreeing not to sell fire clay to any other parties than the said corporations and said corporations agreeing not to buy any fire clay except that produced at said plant, was under consideration, and it was held that, the main purpose and chief object of the parties to the contract being to foster trade and increase their business, the contract was not in restraint of trade and void, even though it might incidentally tend to restrain competition in the sale of fire clay. And in *Brown* v. *Rounsavell,* 78 Ill. 589, it was held that a contract to furnish for sale a certain make of sewing machines, which provided that the purchaser should engage in selling said machine and no other and to buy the same of the seller and no other, was not in restraint of trade and void.

Under the authority of these cases, and many others which have been decided by this court, the contract was not void, and it was not contrary to public policy to require the appellant to pay for the coal which it had purchased of appellee. The courts will not declare a contract void on the ground of public policy unless it clearly appears, as it does not in this case, that the contract is in violation of the public policy of the State. *Leeds* v. *Townsend,* 228 Ill. 451.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*