[No. 8309.]

## FUSHA ET AL V. DACONO TOWN SITE COMPANY.

1. CONVEYANCE—*Conditions.* The proprietor of lands may, in disposing thereof, insert in his conveyance any condition not *malum in se,* nor *malum prohibitum.* (317.)

A condition prohibiting the sale, within the limits of the land granted, of intoxicating liquors, except for medicinal purposes, and providing for a forfeiture of the estate, for the violation of this condition, sustained. (316, 317.)

2. —— *Conditions—Restraint of Trade.* The proprietors of a town site, near a coal mine where many miners were employed, borrowed money from a brewing company, upon mortgage of the whole town site except certain blocks and lots and conveyed the lots to the brewing company, agreeing to insert in the conveyance of every other lot, a condition prohibiting the sale thereon of intoxicating liquors. The purpose of the loan was to enable the town site company to erect cottages for those employed in the coal mine, and induce their settlement in the town, and not to prohibit absolutely, the sale of intoxicating liquors, but only to restrain it. The condition was sustained. (318.)

3. FORFEITURE—*Demand of Possession*, is not necessary to sustain an action for the recovery of lands, the title to which has been forfeited by the violation of a valid condition in conveyance thereof. (319.)

4. INTOXICATING LIQUORS—*Sale of*—*Not of Common Right.* It has always been recognized with us that the interests of society require the strict regulation of the traffic in intoxicating liquors, which may extend to prohibition. (318.)

*Error to Weld District Court.* Hon. NEIL F. GRAHAM, Judge.

Mr. WILLIAM H. DICKSON, for plaintiffs in error.

Mr. DELPH E. CARPENTER, Mr. HERBERT M. BAKER, Mr. I. S. SMITH, for defendant in error.

WHITE, J., delivered the opinion of the court.

This case involves the right of a grantor in a deed to enforce the forfeiture of the title to certain lots, because of the violation of a clause in the instrument of conveyance prohibiting the sale of intoxicating liquors upon the premises, except, by druggists, for medicinal purposes. The position of the parties in the trial court was the reverse of what it is here, and judgment of forfeiture was entered in favor of the plaintiff corporation, which was the grantor in the deed, and against the defendants, who had acquired their respective rights in the premises through deeds from the original grantee or his assigns. The defendants, plaintiffs in error here, concede the violation of the clause restricting the sale of liquor, but claimed in the court below, and here contend: (1) That such prohibitive and forfeiture clause in the deed of conveyance to their grantor was inserted therein, by the plaintiff, for the purpose of creating a monopoly in the sale of intoxicating liquors within the territorial limits of the townsite, and is, therefore, null and void: (2) That the plaintiff, having failed to demand of defendants possession of the premises before commencing its suit, can not maintain the action.

1. It is an elementary principle of law that every

owner of real estate, in fee simple, has the legal right to dispose of it either absolutely or conditionally, or to regulate the manner in which the same shall be used and occupied as he may deem best and proper, provided, however, that the conditions and restrictions imposed are not violative of the public good or subversive of the public interests. Therefore, if conditions in a deed are made in good faith for a valuable consideration and nothing *malum in se* or *malum prohibitum* is stipulated for, they do not contravene public policy and should be enforced. Tested by these rules, we find nothing obnoxious in the deed under consideration.

The plaintiff corporation was organized February 9, 1906, and thereafter, on April 4th of the same year, acquired ownership of a quarter section of land which it afterwards platted into a townsite in which the lots in question are situate. The stockholders of the plaintiff corporation owned a controlling interest in another corporation which owned, and was engaged in operating, coal mines on land adjacent to the townsite, which was then unoccupied. The plaintiff, as an inducement to the workmen and employes of the coal company to make their homes in the proposed town, undertook to construct a number of cottages on the townsite to be sold to such employes, and for this purpose procured a loan for a considerable sum of money from a certain brewing company, for which it executed its note payable five years after date, secured by a deed of trust on all the townsite property, except two certain blocks and two lots in other blocks. As a part of this transaction, and to effectuate the plan and scheme of the plaintiff corporation to restrict and limit the traffic in intoxicating liquors in the village, it further agreed to convey the two lots aforesaid in fee simple to the brewing company, and to insert in all other deeds whereby it conveyed lots in such townsite, a condition that intoxicating liquors should never, except by druggists for medicinal purposes, be sold on the premises, and upon violation of the condition by the grantee in any such deed or his

heirs, executors, administrators or assigns, the title to the lots so conveyed should revert and reinvest in the townsite company. The plaintiff had no purpose or intention of excluding, absolutely, the sale of intoxicating liquors in the village, but only to restrict the same. It conveyed in fee simple the aforesaid lots to the brewing company, before selling any other lots, and inserted in all subsequent conveyances the said prohibition clause and condition of forfeiture, all of which was known to the defendants and to those under whom they claim, at the time their respective interests in the premises were acquired. The business of selling intoxicating liquor at retail has never been "of common right" in this state nor has it been a "lawful trade," except under such authority as was specially conferred by the sovereignty. Indeed, in the sale thereof it has always been recognized that the interests of society require strict regulation, which may extend to absolute prohibition. It may, therefore, be doubtful whether contracts restricting the sale of intoxicating liquors in a town should ever be considered against public policy, unless so specifically declared by legislation. *Sell v. Branen,* 70 Ill. App. 471, 473. However, be that as it may, we are satisfied that the contract with the brewing company and the deed here involved, together with the acts of the parties in the premises, were not intended to, and did not, prevent competition in its broad and general sense, or in any wise control prices to the detriment of the public. Every regulation of trade is, in a sense, a restraint thereon, but it does not necessarily follow that such regulation is invalid. If the regulation is unreasonable, it is void; if it is not unreasonable, and is founded on a legal consideration and seems necessary for the protection of the interests of the party in favor of whom it is imposed, and does not materially prejudice the interests of the public, the law upholds it. *Freudenthal v. Espey,* 45 Colo. 488, 495, 102 Pac. 280, 26 L. R. A. (N. S.) 961. The case of *Whealkate Min. Co. v. Mulari,* 152 Mich. 607, 116 N. W. 360, 18

L. R. A. (N. S.) 147, is directly in point, and conclusive of this branch of the controversy.

2. Demand for possession, claim or entry upon the land was not essential before instituting the action. By the terms of the deed the grantee held the land by a defeasible title. The conveyance was upon condition that intoxicating liquors should never be sold upon the premises, except by druggists for medicinal purposes, and it was expressly provided therein that "in case of and upon the adjudication of a court of competent jurisdiction that this condition and covenant has been violated by said second party, his heirs, executors, administrators or assigns, the title to the premises hereby conveyed, and every part thereof, shall revert to and revest in said first party, its successors and assigns." So an action and adjudication of the court was essential to reinvest the title to the premises in the plaintiff. The pleadings were sufficient for this purpose, and the decree disposed of the entire controversy and determined the rights of the parties in the premises. The judgment is, therefore, affirmed.

*Judgment affirmed.*

GABBERT, C. J., and BAILEY, J., concur.