# The People of the State of Illinois, Defendant in Error, v. George Mosley, Plaintiff in Error.*

1. INTOXICATING LIQUORS—*necessity for negative averments in information.* It is not necessary that an information charging unlawful possession of liquor in violation of the statute should aver such a state of facts as will negative a lawful possession.

2. JURY—*waiver of objections to drawing or selecting.* Objection that the jury in a criminal case was not drawn or selected in the statutory manner will not be considered where the jury was secured before the accused had exhausted his peremptory challenges.

3. CRIMINAL PROCEDURE—*conflict between placita and bill of exceptions.* A judgment of conviction will not be reversed because the *placita* shows one judge presided at the opening day of the term while the bill of exceptions recites that the case was tried before another judge.

4. CRIMINAL PROCEDURE—*judicial notice as to who is county judge.* The Appellate Division will take judicial notice that the judge trying a prosecution for illegal possession of intoxicating liquor was the county judge of a certain county.

5. CRIMINAL PROCEDURE—*failure to object to testimony of officers making illegal search and seizure.* Objection to the testimony of officers who searched the premises of one accused of unlawful possession of intoxicating liquor, on the ground that the search and seizure was without a search warrant, should be raised before the trial to be available on review.

6. INTOXICATING LIQUORS—*sufficiency of evidence of illegal possession.* A verdict of conviction for illegal possession of intoxicating liquor will not be disturbed on review as not being supported by the evidence that the liquor was found in the accused's possession in fruit jars, that it was "white mule" and that it contained more than 21 per cent of grain alcohol by volume, although the accused testified that he purchased several gallons of whisky shortly before the saloons went out of business, that the same had been used only by himself and family and bona fide guests, and that the liquor was put in fruit jars because the original jugs were too tall for the shelf.

Error by defendant to the County Court of Saline county; the Hon. A. D. MORGAN, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed November 9, 1923.

* Received from clerk of Appellate Court, September 8, 1927.

ORAL P. TUTTLE, for plaintiff in error.

CHARLES H. THOMPSON, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error was tried and convicted under an information which charged that on March 31, 1923, at and within the county of Saline in the State of Illinois, he "unlawfully did then and there possess intoxicating liquors in violation of the Illinois Prohibition Act, contrary to the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois."

It is earnestly insisted that as the information does not aver that possession of the liquor was not intended for use in violation of the act, Cahill's St. ch. 43, or that it was unlawfully acquired or was held in violation of some express provision of the statute, no criminal offense is charged and the court should have sustained the motion to quash. In other words it is contended that inasmuch as the possession of liquor may be lawful it is incumbent on the prosecutor to aver, in his information, such a state of facts as will negative a lawful possession on the part of the defendant; that it is not sufficient to aver that the defendant unlawfully possessed the liquor in violation of the act.

Section 3 of the act, Cahill's St. ch. 43, ¶ 3, provides that no person shall possess any intoxicating liquor except as authorized in the act. Section 39, Cahill's St. ch. 43, ¶ 40, expressly provides that it shall not be necessary in any information or indictment to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful. The act complained of in this case is the possession of intoxicating liquor in violation of the statute. Every possession of such liquor is prohibited except it be authorized by

the act. The information charges that the possession was unlawful and in violation of the act and meets the requirements of said section 39.

Sections 3 and 39 of the Illinois Prohibition Act are the same as sections 3 and 32 of the National Act. The Federal Courts are almost unanimous in holding that it is not necessary to include defensive negative averments in an indictment or information. The following are decisions of the Circuit Court of Appeals. *Cabiale v. United States,* 276 Fed. 769; *Herine v. United States,* 276 Fed. 806; *Massey v. United States,* 281 Fed. 293; *Millich v. United States,* 282 Fed. 604; *Rulovitch v. United States,* 286 Fed. 315. In the *Rulovitch* case, *supra,* the Supreme Court denied a writ of certiorari. There are other cases both State and Federal to the same effect.

It is argued that the jury was not drawn or selected in the manner required by the statute and that the cause should be reversed because the court overruled a motion to quash the venire and the return thereon. The record shows that a jury was secured to try the case before the plaintiff in error had exhausted his peremptory challenges. That being true he has no ground for complaint in that regard. *People v. Gray,* 251 Ill. 431; *People v. Brown,* 150 Ill. App. 365. We would not be warranted in assuming that he was compelled to accept any juror who was not fair and impartial. The fair inference is that the jury was satisfactory or he would not have accepted them so long as he had not exhausted his challenges.

Plaintiff in error contends that the judgment should be reversed because the *placita* shows that Judge Abney presided at the opening of the May term of court, whereas the bill of exceptions recites that the case was tried before Judge Morgan. This contention is based upon *Stubbings v. City of Evanston,* 156 Ill. 338, where it appeared from the records that one person was sole presiding judge of the court and that another person presided during the trial. We will take judi-

cial notice that Judge Morgan is the judge of the county court of Williamson county. The case clearly falls within *Fisher v. City of Chicago,* 213 Ill. 268, and is not controlled by the *Stubbings* case, *supra.*

It is argued that the officers searched the premises of plaintiff in error and seized the liquor in question without a search warrant and that by reason thereof the court should have excluded the testimony of the officers who made the search. No such objection was raised in the trial court. To be of any avail objections of that character must be raised before the trial. *People v. Brocamp,* 307 Ill. 448.

It is finally contended that the verdict is not supported by the evidence. Plaintiff in error admitted that the liquor was found in his possession. The witness described it as "white mule" and a chemist testified that it contained more than 21 per cent of grain alcohol by volume. When found, the liquor was in fruit jars. Plaintiff in error testified that he purchased several gallons of whisky at a saloon in Herrin, Illinois, a day or two before saloons went out of business; that the same had been used only by himself and family and bona fide guests; that the original jugs in which he bought the whisky were too tall for the cupboard shelf and he had put the liquor in fruit jars. Under the evidence and section 40 of the act, Cahill's St. ch. 43, ¶ 41, it was clearly a question of fact for the jury. *People v. Beck,* 305 Ill. 593. The jury saw and heard the witnesses and was in a much better position to judge the credit to be given their testimony than we are. We are not able to say, from a consideration of all the evidence, that there is clearly a reasonable and well-founded doubt of the guilt of the accused, and so we are not warranted to interfere with the verdict of the jury on the ground that the evidence does not support it. *People v. McCabe,* 306 Ill. 183. The judgment is affirmed.

*Affirmed.*