### HERINE v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. December 5, 1921.)

No. 3665.

1. **Criminal law ⬅⮞395—Intoxicating liquors ⬅⮞247—Searches and seizures ⬅⮞7—Seizure by police officers called for disturbance of peace not violation of federal Constitution and liquors could be used as evidence.**

    Where city police officers were not prohibition officers of the United States, and acted on notification of a disturbance of the peace, and entered rooms which were open, and found defendant boastingly selling liquor, their seizure of the liquors as evidence of the crime was no invasion of Const. U. S. Amend. 4 and the federal government had a right to use such liquors as evidence.

2. **Intoxicating liquors ⬅⮞213—Indictment charging willful and unlawful keeping of intoxicating liquors held sufficient under National Prohibition Act.**

    An allegation that the defendant maintained a common nuisance, in that he willfully, unlawfully, and knowingly did keep on the premises certain described intoxicating liquors as alleged, *held* sufficient to comply with National Prohibition Act, tit. 2, § 21, and under the provisions of section 32, it was unnecessary that the indictment include more.

3. **Intoxicating liquors ⬅⮞236(9)—Evidence held to justify convicts of violation of National Prohibition Act.**

    Evidence *held* ample to justify a conviction for maintaining a common nuisance violating the National Prohibition Act by unlawfully keeping alcoholic liquor for beverage purposes.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Binger Stewart Herine, also known as Binger Stewart Horine, was convicted under the National Prohibition Act of maintaining a common nuisance, by unlawfully keeping alcoholic liquor for beverage purposes, and he brings error. Judgment affirmed.

Chauncey F. Tramutolo, of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., of San Mateo, Cal., and Thomas J. Sheridan, Asst. U. S. Atty., of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error was convicted under an information charging that on June 20, 1920, he knowingly, willfully, and unlawfully, and in violation of section 21 of the National Prohibition Act (41 Stat. 314), maintained a common nuisance, in that he did unlawfully, willfully, and knowingly keep in certain described premises in San Francisco certain intoxicating liquor, sherry, and port, and then and there fit for use for beverage purposes. Before trial

defendant, by his attorney, petitioned for an order directing the prohibition enforcement officer to return the liquor and wine, which were seized in the apartments of the defendant on the evening of his arrest. The petition set up that the seizure was made by a policeman of the city of San Francisco, but that the liquors and wines were being retained by a district prohibition enforcement officer; that the seizure was in violation of the Fourth and Fifth Amendments to the Constitution of the United States, and that the government intended to use the seized property against defendant at the time of his trial, unless return was ordered. By return the persons charged to have made the seizure denied it, or that they retained possession of any whisky or brandy, or that the government intended to use them against defendant at any trial to be had.

Respondents set up that on the night of June 20th the police were notified that at certain apartments in San Francisco the peace and quiet of people was being disturbed by loud and boisterous noise and that intoxicating liquors were being sold therein; that a policeman, with other police officers of the city, went to the rooms, found the doors open, and saw bottles of intoxicating liquor and glasses, and heard loud and boisterous noises being made by the occupants, and that thereupon the officers entered the rooms and found defendant and several other men and some women, all of whom were drunk and noisy, boisterous and disturbing the peace; that there were numerous bottles and kegs containing sherry and port wine; that defendant then and there, in the presence of the officers, furnished four of the men and the three women some of the wine; that defendant told the officers he was selling the wine for 25 cents per drink; that he said he lived in the Adair Hotel, and had no permit to move the wine from the Adair Hotel to the Summerville Apartments; that thereupon a police officer arrested defendant, and took the bottles of wine and kegs of sherry and port wine; that on information obtained as a fact defendant, on the 20th of June, resided at the Adair Hotel; that the district prohibition officer did not seize or take into his possession or retain any of the wine or liquor referred to.

The District Court denied the order prayed for and ordered the trial to proceed. Upon the trial the evidence was substantially in accord with the statements above given. During the trial the wine which had been found in the apartments was introduced in evidence, and after verdict motion in arrest of judgment was denied.

The errors assigned are: (1) Denial of the defendant's petition for the return of the liquor seized without a search warrant or other process; (2) that the information does not state facts sufficient to charge a crime against the laws of the United States; (3) that the evidence was insufficient to justify a verdict of guilty.

[1] The record shows that the seizure of the wines and liquors was made by police officers of the city, and not by authority of the prohibition officers of the United States. The policemen acted upon notification of a disturbing of the peace. They entered the rooms, which were open, and which the evidence tended to show were not defendant's, and there found defendant with a quantity of liquor and

wine, which he boastingly said that he was selling; and the peace was being disturbed. Under such circumstances the seizure of the wines and liquors as evidence of crime was no invasion of the security given by the Fourth Amendment to the Constitution, and the government of the United States had a right to use the evidence upon trial of defendant for a violation of the laws of the United States. Burdeau v. McDowell, 256 U. S. ——, 41 Sup. Ct. 574, 65 L. Ed. ——. Weeks v. United States, 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, cited by defendant was so essentially different on the facts that it is not a precedent in the present case.

[2] The allegation that defendant willfully and unlawfully and knowingly did keep on the premises certain described intoxicating liquor, as alleged, was sufficient to comply with the statute. Section 21, title 2, National Prohibition Act. Under the provisions of section 32 of title 2 of the act, it was unnecessary in the indictment to include more.

[3] From what we have already stated, it is plain that there was ample evidence to justify the verdict.

The judgment is affirmed.