### UNITED STATES v. EVERSON.

(District Court, S. D. Florida. February 27, 1922.)

No. 883.

Intoxicating liquors ⊚⇒211—Information charging unlawful possession held sufficient.

An information charging defendant with "unlawful" possession of intoxicating liquors *held* sufficient to state an offense under National Prohibition Act, tit. 2, § 25.

Criminal prosecution by the United States against T. W. Everson. On motion to quash information. Denied.

William M. Gober, U. S. Dist. Atty., of Lakeland, Fla.
W. K. Zewadski, Jr., of Tampa, Fla., for defendant.

CALL, District Judge. In the above-entitled case the information contains three counts. The first charges the possession of a distilling apparatus for the production of intoxicating liquor; the second, the manufacture of intoxicating liquors; and the third, the possession of intoxicating liquors. In each of said counts the charging part of the

count contains the word "unlawfully"; i. e., the possession of the distilling apparatus, the manufacture and possession, in each instance is charged to be unlawful, and seems to me to be sufficient to rescue the information from attack by demurrer or motion to quash.

Reading Judge Clayton's opinion in the four cases heard in Jacksonville, the difference in the question decided in those cases and in the case at bar is apparent. It is not a mere possession, as was charged in that case, but an unlawful possession. Under the provisions of the Volstead Act (41 Stat. 305) this in my judgment is sufficient to place upon the defendant the onus of proving such possession lawful.

There are a number of cases in which the same questions are raised, and orders denying the motions to quash and overruling the demurrers, where same have been filed, will be entered.

## Order.

This cause coming on to be heard upon the motion to quash each count of the information filed herein, and the same having been argued and submitted: It is considered by the court that said motion be and the same is hereby denied.