THE STATE OF NEW JERSEY v. JAMES FREULLI.

Submitted December 7, 1922—Decided February 27, 1923.

1. In an indictment for the unlawful sale of liquor, either under the provisions of chapter 150 of the laws of 1921 (*Pamph. L., p. 391*) or of chapter 255 of the laws of 1922 (*Pamph. L., p. 615*), it is not necessary to name the kind of liquor to have been unlawfully sold.
2. In an indictment for the unlawful sale of liquor there must be set forth the facts that are of the essence of the offence and which constitute the act complained of; otherwise the accused would be unable to determine the nature or cause of the accusation, or which statute he was alleged to have violated.
3. An indictment which merely charges under chapter 255 of the laws of 1922 (*Pamph. L., p. 615*), an unlawful sale of liquor without adding that such sale was for beverage purposes alleges no indictable offence under the statute.

4. A bill of particulars is no part of the judgment record in a criminal case, and does not remedy a defect in an indictment nor supply essential averments omitted therefrom.

On motion to quash indictment.

Before Justices KALISCH, BLACK and KATZENBACH.

For the motion, *James R. Nugent.*

*Contra, J. C. Bigelow,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J. The writ of *certiorari,* in this case brings before us for review the validity of an indictment found in the Essex County Court of Oyer and Terminer, which indictment reads, as follows:

"The grand jurors of the State of New Jersey, in and for the body of the county of Essex, present on their oath that James Freulli, late of the city of Newark, in the county of Essex aforesaid, on the eighteenth day of March, 1922, with force and arms at the city aforesaid, in the county aforesaid and within the jurisdiction of this court, did sell liquor, the said act of selling liquor being then and there prohibited and unlawful, contrary to the form of the statute in such case made and provided, and against the peace of this state, the government and dignity, of the same."

The first contention on behalf of the defendant is to the effect that the indictment is invalid in that he is being deprived of his constitutional rights because the indictment does not inform him of the kind of liquor he is charged with selling and does not name the party or parties to whom, it is alleged, he sold liquor unlawfully, or in excuse of such allegation that the party or parties is and are unknown.

The objection relating to the failure of the kind of liquor sold would be fatal to the validity of the indictment if it were not for the fact that the common law requirements, as embodied in our criminal procedure, relating to indictments

for the sale of liquor had not been changed by the statutes of 1922.

The two statutes which appear to be controlling in the matter are chapter 150 (*Pamph. L.* 1921, *p.* 391), as amended by chapter 241 (*Pamph. L.* 1922, *p.* 420), the original act being entitled "An act concerning intoxicating liquors used or to be used for non-beverage purposes," and chapter 255 (*Pamph. L.* 1922, *p.* 615), which is entitled "An act concerning intoxicating liquor used or to be used for beverage purposes."

By section 2, page 615 of the latter act, it is provided:

2. The word "liquor," and the words "intoxicating liquor" shall each be construed to mean and to include:

"*(a)* Alcohol, and brandy, whiskey, rum, gin, beer, ale, porter, wine and any other spirituous, vinous, malt, brewed or fermented liquor or mixed liquors, which contain one-half of one per centum or more of alcohol, by volume, and which are used or to be used for beverage purposes."

"*(b)* All liquids, admixtures and compounds, whether medicated, proprietary, patented or not, and by whatever name called, which contain one-half of one per centum or more, of alcohol, by volume, and which are fit for use for beverage purposes."

The like provisions appear in chapter 241, laws of 1922, page 421, which for convenience will be termed the non-beverage statute. Both of the statutes of 1922 were passed by the legislature within five days of each other and have like provisions concerning the requirements of indictments founded upon them; and as both acts are in *pari materia* they must be construed together.

Both acts contain the provision that in an indictment "the word liquor shall be a sufficient description of any or all of the liquors or liquids defined by the act."

We are, therefore, unable to perceive how and in what way the constitutional rights of a defendant are abridged by this provision of the statute, since it was within the unquestioned power of the legislature to define what is meant by the use of the word "liquor" in the statute as well as in any proceeding

under it. The word "liquor" having a well-defined meaning by statute, it cannot be successfully contended that a defendant would not be apprised that he was charged with selling a liquid which contained one-half of one per centum or more of alcohol by volume. . Whether the liquid sold was water or milk, and was sold as such or was sold under the denomination of whiskey or gin, is of no importance so long as the liquid contained one-half of one per centum of alcohol, by the volume, and was sold for beverage purposes.

As to the further contention that it was essential to the validity of the indictment that it should contain the name or names of the party or parties to whom the liquor was sold, we think that notwithstanding the uniform and unbroken practice, which prevailed, to set out in indictments based upon unlawful sales of liquor the name of the person to whom such sale was made, and in the event that the person was unknown, to allege in the indictment the sale to have been made to a person, to the grand jury, unknown, it was unnecessary here, since the allegation was neither descriptive of nor of the essence of the offence charged.

The second contention urged against the validity of the indictment is that it does not inform the defendant of the nature and cause of the accusation, and, therefore, in violation of article 1, sections 8 and 9 of the constitution of this state.

We think that this objection is well founded. The indictment charges that the defendant "did sell liquor, the said act of selling liquor being then and there prohibited and unlawful," contrary to the statute," &c.

Turning to the statute which is entitled, "An act concerning intoxicating liquor used or to be used for beverage purposes" (*Pamph. L.* 1922, *p.* 615), we find that section 10 of the act, page 617, provides: "On and after the date when this act goes into effect, no person shall manufacture, sell, barter, &c., any intoxicating liquor, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

The eighteenth amendment of the constitution of the United States authorized the several states to pass concurrent legislation with congress to interdict by appropriate legislation the sale, &c., of liquor for beverage purposes.

It is quite clear that chapter 255 (*Pamph. L.* 1922, *p.* 615), among other things, makes the sale of liquor containing more than one-half of one per centum of alcohol, by volume for beverage purposes an indictable offence. It is also equally clear that chapter 241 (*Pamph. L.* 1922), the Non-Beverage act, among other things, permits the sale of liquor containing more than the one-half per centum of alcohol for certain purposes, and likewise makes a violation of the provisions of the act an indictable offence.

Thus it is quite obvious that a sale of liquor, authorized under the Non-Beverage act, may be unlawful by reason of a violation of some provision in the act regarding the making of such sale, and, nevertheless, not be unlawful under the act relating to the sale of liquor for beverage purposes.

Both acts contain like provisions, couched in the same language regarding indictments for violations of them. The clause of section 59 of the Non-Beverage act, and pertinent to the subject under discussion is identical in form and substance with the clause of section 36 of the Beverage act, and which reads: "It shall not be necessary in any affidavit, information or indictment to give the name of the purchaser or to include any defensive negative averments but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful."

We cannot, properly, put the construction upon this clause, as suggested by counsel of the state, namely, that the legislature, by the use of the language "that it shall be sufficient to state that the act complained of was then and there prohibited and unlawful," relieved the pleader from setting out the facts which constituted the "act complained of"—that is, that the defendant sold the liquor for beverage purposes, the very essence of the offence, without being driven to the necessity to declare the clause to be unconstitutional, in that it

deprives the accused of his constitutional right to be "informed of the nature and cause of the accusation," and which a court will hesitate to so declare where there is a permissible construction that will keep the clause within constitutional boundary.

By employing the term "the act complained of," the legislature obviously intended that the pleader should set forth in the indictment the facts which constituted "the act complained of," which was not only the sale of liquor but that such sale was for beverage purposes. For chapter 255 makes the sale only unlawful when it is made for beverage purposes.

That it was the legislative intent by the use of the words "the act complained of" that the indictment shall set forth the facts constituting such act is strongly enforced by the circumstances that under the Non-Beverage act, which contains a like provision there may be a sale in violation of one of its provisions other than that of a sale for beverage purposes. Now in such a situation it is quite manifest that a defendant, charged in the language contained in the present indictment, would be unable to determine the nature or cause of the accusation and for violation of which statute he was indicted by the grand jury.

In this connection the remarks of Mr. Justice Garrison, in *State* v. *Schmid,* 57 *N. J. L.* 625 (at *p.* 626), are preeminently appropriate. The learned justice said: "This method of pleading likewise ignores those provisions of the constitution of this state by force of which every person held for a criminal offence is guaranteed not only that he shall be accused of such offence by a grand jury, but also that he shall be informed of the nature and cause of the accusation." *Const., art.* 1, ¶¶ 7, 8.

"Unless the charge contains a description of the crime of which the grand jury accuses the defendant, and a statement of some circumstances by which it may be identified and its particular nature disclosed, it is readily conceivable that a true bill may be found for one offence and the defendant be compelled at the trial to meet any offence that happens to

fall within the general terms of the indictment." And again (at *p.* 627), the learned jurist continues: "It is undoubtedly a well-settled general rule that in an indictment for an offence created by statute, it is sufficient to describe the offence in the words which the statute describes it. This rule, however, is based upon and applies only to those cases in which the statute describes the offence with which it has to do. Unless this is so, the mere recital of non-descriptive words from the statute will not constitute in reasonable completeness a statement of the offence, so as to relieve the pleader from averring the acts that go to make it up." See to the same effect *State* v. *Solomon,* 96 *N. J. L.* 124.

The fact that the legislature provided for a method by which a defendant may have a bill of particulars is of no consequence.

The function of a bill of particulars is not to remedy defects in indictments or to supply essential averments omitted and necessary to charge an indictable offence. No such legal effect can be given to it, without contravening, article 1, paragraphs 7, 8, of the constitution of this state.

A bill of particulars is no part of the indictment or of the judgment record. *State* v. *Lehigh Valley Railroad Co.,* 92 *N. J. L.* 261; 94 *Id.* 171.

For the reasons stated, the indictment is quashed.