## The People of the State of Illinois, Defendant in Error, v. Otis Smith, Plaintiff in Error.*

1. INTOXICATING LIQUORS—*sufficiency of information for illegal possession.* An information charging that defendant's possession of intoxicants was unlawful and in violation of the Prohibition Act is sufficient, without including negative defensive averments covering the exceptions of the act.

2. JURY—*waiver of illegality by failure to exhaust peremptory challenges.* The defendant in a criminal proceeding will not be heard to object to the overruling of his motion to quash the venire and return on the ground the jury were not drawn or selected as the statute requires, where the jury was secured before he had exhausted his peremptory challenges.

3. APPEAL AND ERROR—*what bill of exceptions must include to review evidence.* Whether the verdict is supported by the evidence will not be decided by the Appellate Court unless the motion for new trial, ruling of the court thereon and exception thereto are included in the bill of exceptions.

4. CONSTITUTIONAL LAW—*applicability of federal constitutional limitations on fine and punishment.* The United States constitutional prohibition of excessive fines or cruel and unusual punishments does not apply to legislation by the States.

* Received from clerk of Appellate Court, August 8, 1927.

5. CONSTITUTIONAL LAW—*exclusiveness of power to fix punishment.* The provision of the Illinois bill of rights that all penalties shall be proportioned to the nature of the offense is directed to the law-making power which alone can determine what acts are criminal and how they shall be punished.

6. CONSTITUTIONAL LAW—*when punishment for crime not excessive.* Any punishment for crime assessed by a court or jury within the limits fixed therefor by a statute not in violation of the State constitution will not be adjudged excessive.

7. CONSTITUTIONAL LAW—*discretion in fixing punishment.* The Appellate Court will not say that a punishment fixed by the trial court within the bounds prescribed by a constitutional statute is excessive.

Error by defendant to the County Court of Saline county; the Hon. A. G. ABNEY, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed November 9, 1923.

M. W. DAWSON, for plaintiff in error.

CHARLES H. THOMPSON, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error was tried and convicted under an information which charged that on February 1, 1923, at and within the County of Saline in the State of Illinois, he "unlawfully did then and there possess intoxicating liquor in violation of the Illinois Prohibition Act, contrary to the statute," etc.

It is insisted that the information does not charge the commission of a criminal offense and the court erred in overruling a motion to quash. It is contended that inasmuch as the possession of liquor may be lawful it is incumbent on the prosecutor to aver, in his information, such a state of facts as will negative a lawful possession on the part of the defendant. That it is not sufficient to aver that the defendant unlawfully possessed the liquor in violation of the act.

Section 3 of the act, Cahill's St. ch. 43, ¶ 3, provides that no person shall possess any intoxicating liquor

except as authorized in the act. Section 39, Cahill's St. ch. 43, ¶ 40, provides that it shall not be necessary in any information or indictment to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful. The act complained of in this case is the possession of liquor in violation of the statute. Every possession of intoxicating liquor is prohibited except it be authorized by the act. The information charges that the possession was unlawful and in violation of the act and meets the requirements of said section 39.

Sections 3 and 39 of the Illinois Prohibition Act are the same as sections 3 and 32 of the National Act. The Federal courts are almost unanimous in holding that it is not necessary to include defensive negative averments in an indictment or information. The following are some of the decisions of the circuit court of appeals: *Cabiale v. United States,* 276 Fed. 769; *Herine v. United States,* 276 Fed. 806; *Massey v. United States,* 281 Fed. 293; *Millich v. United States,* 282 Fed. 604; *Rulovitch v. United States,* 286 Fed. 315. In the *Rulovitch* case, *supra,* the Supreme Court denied a writ of certiorari. There are other cases both State and Federal to the same effect.

It is argued that the jury was not drawn or selected in the manner required by the statute and that the judgment should be reversed because the court overruled a motion to quash the venire and the return thereon. The record shows that a jury was secured to try the case before plaintiff in error had exhausted his peremptory challenges. That being true, he has no ground for complaint in that regard. *People v. Gray,* 251 Ill. 431; *People v. Brown,* 150 Ill. App. 365. We would not be warranted in assuming that he was compelled to accept any juror who was not fair and impartial. The fair inference is that the jury were satis-

factory or he would not have accepted them so long as he had not exhausted his challenges.

The fifth instruction given on behalf of the People is in language of section 40 of the act, Cahill's St. ch. 43, ¶ 41, and was approved in *People v. Beck*, 305 Ill. 593. It is argued that the verdict is not supported by the evidence. We cannot consider that question because the motion for new trial, the ruling of the court upon the motion and an exception to such ruling are not incorporated in the bill of exceptions. It is not sufficient that the clerk, in writing up the judgment, recites the denial of a motion for new trial and an exception thereto. *People v. Faulkner*, 248 Ill. 158. But if that question were open for review, we are not able to say, from a consideration of all the evidence, that there is clearly a reasonable and well-founded doubt of the guilt of the accused, and so we are not warranted to interfere with the verdict of the jury on the ground that the evidence does not support it. *People v. McCabe*, 306 Ill. 183–187.

The final assignment of error urged upon our attention is as follows: "The sentence of the court imposed on the plaintiff in error is excessive and constitutes cruel and inhuman punishment, and is the result of passion, hatred and prejudice on the part of the court for the defendant and is neither legal, just or conscionable." The constitution of the United States provides that excessive bail shall not be required nor excessive fines imposed, nor cruel nor unusual punishment inflicted. But that provision does not apply to legislation by the States. It is restricted exclusively to the Federal government, its courts and officers. Our constitution does not contain that provision, but the provision of our bill of rights is: "All penalties shall be proportioned to the nature of the offense." That provision is directed to the law-making power, which alone can determine what acts shall be regarded as criminal

and how they shall be punished. *People v. Elliott,* 272 Ill. 592–598.

Some reviewing courts hold that they have the power to reduce the punishment to meet their views as to what would be right and proper. In some States there are statutes which give appellate courts that power. It has been stated as a general rule, in cases where the objection was to the particular sentence and not to the statute under which it was imposed, that a sentence which is within the limit fixed by the statute is not cruel and unusual and is therefore valid and it has been held that this is true no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment and not to the punishment, assessed by the court within the limits fixed by the statute. If the statute is not in violation of the constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the constitution. 8 R. C. L. 264.

The courts of last resort in New York, Indiana, South Carolina and some other States hold that where the sentence imposes a punishment which is within the limits prescribed by the statute they have no power to modify it on the ground that it is excessive under the peculiar circumstances of the case. *People v. McGonegal,* 136 N. Y. 62, 32 N. E. 616; *Murphy v. State,* 97 Ind. 579; *State v. Davis,* 88 S. C. 229, 70 S. E. 811, 34 L. R. A. (N. S.) 295. So far as we are advised, our Supreme Court has never reduced nor has it directed a trial court to reduce a sentence already within the limits of the statute in order that it might conform to the views of that court as to what punishment should have been inflicted. In the absence of such a decision we do not

feel warranted in interfering with the discretion conferred by the statute upon the trial court. *State v. Gould*, 26 W. Va. 258; *State v. Mooney*, 27 W. Va. 546. It seems to us that the correct rule is the one recognized by the authorities above cited. The judgment is affirmed.

*Affirmed.*