[Crim. No. 1096. Second Appellate District, Division Two.—January 29, 1925.]

## THE PEOPLE, Respondent, v. LOUISE NORCROSS and WILLIAM S. CLARK, Appellants.

[Crim. No. 1097. Second Appellate District, Division Two.—January 29, 1925.]

## THE PEOPLE, Respondent, v. LOUISE NORCROSS, Appellant.

[Crim. No. 1098. Second Appellate District, Division Two.—January 29, 1925.]

## THE PEOPLE, Respondent, v. WILLIAM S. CLARK, Appellant.

[1] Criminal Law — Intoxicating Liquors — Pleading — Waiver of Objections.—In a prosecution for a violation of the provisions of the Wright Act, complaint concerning defects in the form of

1. See 14 Cal. Jur. 87.

the information, upon the ground that it does not contain suffi-
cient facts to constitute an offense, in that it is not alleged that
the intoxicating liquor charged to have been sold was for beverage
purposes, that it does not substantially conform to sections 950,
951, and 952 of the Penal Code, and especially that it is not
direct and certain in stating facts and circumstances necessary to
enable a person of common understanding to know what is in-
tended to be charged, comes too late where such complaint is first
made upon a motion in arrest of judgment.

[2] ID.—PLEADING—USE OF LIQUOR FOR BEVERAGE PURPOSES.—Where
an information alleges that the defendants conspired to, and did,
willfully, unlawfully, and feloniously, sell, furnish, deliver, have,
and possess "intoxicating liquor" in violation of the provisions of
the Wright Act, it is not necessary that it contain the further
allegation that such liquor was for beverage purposes.

[3] ID.—STATUTES—ADOPTION FROM OTHER STATE—CONSTRUCTION.—In
construing a statute adopted from another state, the decisions of
the courts of such other state are entitled to great considera-
tion, and their interpretation of the statute will be followed; and
the same rule applies in construing a federal statute upon which
an action is based and is being tried in the courts of this state.

[4] ID.—PLEADING—NAMES OF PURCHASERS.—In a prosecution for a
violation of the provisions of the Wright Act, or for conspiracy
to violate the provisions of said Act, it is unnecessary to state
the names of the alleged purchasers.

[5] ID.—ENTRAPMENT—PUBLIC POLICY — EVIDENCE — INSTRUCTIONS. —
Where an officer of the law induces a defendant to commit a
criminal act not contemplated by him, a conviction is contrary to
public policy; but, in a prosecution for a violation of the pro-
visions of the Wright Act, an instruction based upon such rule
of law is properly refused where the evidence does not tend to
show that defendants were importuned or persuaded to violate
any law, or that they did not hold themselves out as ready, able,
and willing to possess, sell, and deliver intoxicating liquor when-
ever the opportunity was presented.

[6] ID. — EMPLOYMENT OF OPERATIVES — ABSENCE OF DECEPTION. — In
such a prosecution, evidence showing that the witnesses to whom
the intoxicating liquor was sold were in the employ of the district
attorney's office, and that they paid defendants for whisky fur-
nished by the district attorney for that purpose, does not show

---

3. See 25 R. C. L. 1069; 23 Cal. Jur. 794.

4. Indictment or information for unlawful sale of intoxicating
liquors not stating name of person to whom sale was made, note, 23
L. R. A. (N. S.) 581.

5. Inducement to commit crime with view to prosecution as de-
fense, notes, 17 Ann. Cas. 295; Ann. Cas. 1916C, 730; Ann. Cas.
1917D, 954. See, also, 8 R. C. L. 127; 7 Cal. Jur. 884.

an entrapment, nor is it a defense, there being no showing that the defendants were in any manner misled or deceived by such operatives.

[7] ID.—RULES OF PLEADING.—The standards by which informations charging violations of the provisions of the Wright Act are to be tested are furnished by those rules of pleading in criminal actions which are recognized by our state practice as the established rules of this jurisdiction.

[8] ID.—PLEADING—ALCOHOLIC CONTENT.—Where an information alleges that the defendants conspired to, and did, willfully, unlawfully, and feloniously, sell, furnish, deliver, have, and possess "intoxicating liquor" in violation of the provisions of the Wright Act, it is not necessary that it contain the further allegation that such liquor contained more than one-half of one per centum of alcohol. .

(1) 16 C. J., p. 1256, n. 95.   (2) 33 C. J., p. 722, n. 53.   (3) 36 Cyc., p. 1154, n. 81.   (4) 33 C. J., p. 724, n. 76.   (5) 16 C. J., p. 90, n. 60; 33 C. J., p. 791, n. 46.   (6) 33 C. J., p. 750, n. 99.   (7) 33 C. J., p. 711, n. 43.   (8) 33 C. J., p. 722, n. 49.

APPEALS from judgments of the Superior Court of Los Angeles County and from orders denying new trials. Walton J. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

James J. Hogan for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellants were charged by information with having conspired, combined, and confederated and agreed together to sell, transport, furnish, and deliver, and to have and possess intoxicating liquor, with intent so to do, in violation of the state statute known as the Wright Act; and as overt acts in furtherance of such conspiracy it was alleged that they did on or about the third day of December, 1923, in the county of Los Angeles, sell, furnish, deliver, have, and possess intoxicating liquor, and that the same was willful, felonious, and unlawful. Each of said defendants was also separately charged by another information with

8. See 14 Cal. Jur. 744.

having willfully, unlawfully, and feloniously sold intoxicating liquor, contrary to the provisions of said act, and with having maintained a nuisance by keeping a place where such traffic was conducted by them. The three cases were tried together, and the jury found the defendants guilty upon each of said charges.

[1] It is contended that the informations do not contain sufficient facts to constitute offenses, in that it is not alleged that the intoxicating liquor charged to have been sold was for beverage purposes; also that the informations do not substantially conform to sections 950, 951, and 952 of the Penal Code, and especially that they are not direct and certain in stating facts and circumstances necessary to enable a person of common understanding to know what is intended to be charged. Appellants also assert that the evidence was insufficient to justify the verdict, and that the trial court committed errors in giving certain instructions to the jury, and in refusing to give others which were requested.

Complaint concerning defects in the form of the information upon the grounds urged comes too late, since it was first made upon a motion in arrest of judgment. (*People* v. *Feilen,* 58 Cal. 218 [41 Am. Rep. 258].)

The evidence disclosed that appellant Norcross leased and maintained the Antler Hotel, at Venice, in Los Angeles County, and that Clark was in her employ and residing at the same place; that complaint had been made to the lessor of people drinking in the hotel and being intoxicated about the premises; that he had also seen drunken men leaving the place on many occasions. The lessor notified the district attorney, who placed one Irving and his wife in the house to watch for any possible violations of the law, and paid them for their services and furnished them with money to purchase liquor if they should find that it was obtainable from persons in charge of or living at the Antler Hotel. Irving and his wife both smelled liquor about the room occupied by Clark, and saw people entering his room and drinking from glasses; Irving asked Clark for a bottle of "medicine," and a bottle of whisky was brought to Irving's room, for which he paid Clark three dollars, and he subsequently and on various dates purchased other bottles of whisky from Clark, and on one occasion the latter filled an empty bottle which Irving furnished, with the same sub-

stance. Mrs. Irving also bought whisky from the defendants when they were together, for which she paid Mrs. Norcross, who sent Clark into a room for it, and he delivered the liquor to Mrs. Irving. It was testified that each of the appellants cautioned these witnesses to hide the bottles and let no one see them; that "whisky" was not mentioned, but that "medicine," and "a bottle," were requested, and that whisky was promptly furnished and paid for. A search by officers resulted in the discovery and confiscation of a pint bottle and a gallon jug, each partly full, and a gallon jug full, of whisky in the room designated by the witnesses. Clark did not testify, but Mrs. Norcross denied that she or Clark had sold any liquor, and stated that on one occasion Mrs. Irving was ill, and that she demanded some whisky. This the latter positively denied.

[2] Appellants first assert that although the information alleged the liquor as being intoxicating, it contained no allegation that it was for beverage purposes; that the only object of the Wright Act was to prohibit traffic in such liquors for beverage purposes, and that the people therefore failed to allege or establish the commission of any offense.

It was alleged that appellants conspired to, and did, willfully, unlawfully, and feloniously, sell, furnish, deliver, have, and possess intoxicating liquor, and the evidence tended to show that they sold, delivered, furnished, had, and possessed whisky which was intoxicating. Chapter 80 of the Laws of 1921 (page 79), known as the Wright Act, expressly adopts the penal provisions of the Volstead or National Prohibition Act (U. S. Comp. Stats. Ann. Supp. 1923, sec. 10138¼), and recognizes the requirements of the eighteenth amendment to the constitution of the United States, providing for concurrent enforcement of prohibition by the individual states. Section 2 of the same chapter declares that "all acts or omissions prohibited or declared unlawful by the eighteenth amendment to the Constitution of the United States or by the Volstead Act are hereby prohibited and declared unlawful; and violations thereof are subject to the penalties provided in the Volstead Act." The latter act provides that the "phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey . . . fit for beverage purposes" (U. S. Comp. Stats. Ann. Supp. 1923, sec. 10138½aa), and that "No person shall manufacture, sell,

barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor except as authorized by this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." It is further provided that "the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title" (U. S. Comp. Stats. Ann. Supp. 1923, sec. 10138½t).

It has been held in Minnesota that where a statute so defines intoxicating liquor, an indictment need not contain a more definite specification than that before us, in that it is not necessary to charge that such liquor is potable as a beverage. (*State* v. *Brown,* 151 Minn. 340 [186 N. W. 946]; *State* v. *Hosmer,* 144 Minn. 342 [175 N. W. 683].)

[3] It has been a uniform rule of long standing in California that, in construing a statute adopted from another state, the decisions of the courts of such other state are entitled to great consideration, and their interpretation of the statute will be followed. (*Havemeyer* v. *Superior Court,* 84 Cal. 327 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]; *Osborne* v. *Home Life Ins. Co.,* 123 Cal. 610 [56 Pac. 616]; *In re Seaman's Estate,* 146 Cal. 455 [106 Am. St. Rep. 53, 2 Ann. Cas. 726, 80 Pac. 700].) And the same rule applies in construing a federal statute upon which an action is based and is being tried in the courts of this state. (*Werner* v. *Southern Pac. Co.,* 44 Cal. App. 76 [185 Pac. 1016]; *Southern Pac. Co.* v. *Superior Court,* 27 Cal. App. 240 [150 Pac. 397, 404].)

In *Herine* v. *United States,* 276 Fed. 806, the United States circuit court of appeals for the ninth circuit, in passing upon an appeal from a conviction in California under the National Prohibition Act, said: "The allegation that defendant willfully and unlawfully and knowingly did keep on the premises certain described intoxicating liquor, as alleged, was sufficient to comply with the statute. Section 21, title 2, National Prohibition Act. Under the provisions of section 32 of title 2 of the act, it was unnecessary in the indictment to include more." In *Cabiale et al.* v. *United States,* 276 Fed. 769, the same court held that an allegation

of the sale of intoxicating liquor which was then and there prohibited and unlawful and in violation of section 3 of the act was sufficient, and that it necessarily excluded the idea that the liquor was sold for a legitimate purpose. It was further held in *United States* v. *Everson,* 280 Fed. 126, that an information charging an "unlawful" possession was sufficient to place upon the defendant the onus of proving that it was lawful, and in *Massey* v. *United States,* 281 Fed. 293, 296, it was said by the circuit court of appeals that a description as intoxicating liquor was sufficient, and that it is not necessary to include any defensive averments. · The rule has been stated and followed in other cases. (*Dillon* v. *United States,* 279 Fed. 639; *Booth* v. *United States,* 197 Fed. 283, 286 [116 C. C. A. 645].)

[4] Another point is attempted to be made of the failure of the information to state the names of the alleged purchasers, but this also has been held to be unnecessary. (*Massey* v. *United States, supra.*)

[5] The requested instruction, the refusal of which is assigned as error, was based upon *Woo Wai* v. *United States,* 223 Fed. 412 [137 C. C. A. 604], wherein it was said that where an officer of the law induced a defendant to commit a criminal act not contemplated by him, a conviction would be contrary to public policy. That such is the law has been held by our state and federal courts on numerous occasions, but the evidence in the case at bar does not tend to show that appellants were importuned or persuaded to violate any law, or that they did not hold themselves out as ready, able, and willing to possess, sell, and deliver intoxicating liquor whenever the opportunity was presented. [6] The only evidence from which entrapment could possibly be inferred was the fact, frankly admitted by the Irvings, that they were in the employ of the district attorney's office, and that they paid appellants for whisky with money furnished by the district attorney for that purpose. This did not constitute entrapment, nor was it a defense, and there is no showing that appellants were in any manner misled or deceived by the operatives. It was so held in *People* v. *Barkdoll,* 36 Cal. App. 25 [171 Pac. 440], and the instructions given both at the requests of the respective parties, and of the court's own motion, fully advised the jury as to the law, and directed that if they should not find beyond a reasonable doubt that

appellants were ready, able, and willing to sell intoxicating liquor, and that they intended to violate the law, and were not induced to do so solely by persons so employed, they should acquit them.   The significant fact is that throughout the record no evidence appears to have been offered tending to show that either defendant was entrapped or induced to commit a crime; and that the defense consisted of a complete denial of any possession, delivery, or sale of intoxicating liquor.   We think the instructions given were sufficient, and that the action of the trial court in refusing to give others as requested was proper.

No error appearing, the judgments and orders denying motion for new trial are affirmed.

FINLAYSON, P. J.—I concur.   The specific grounds of objection which appellants make to the informations are: (1) It is not alleged who the person was to whom the liquor was sold; (2) it is not alleged that the liquor contained more than one-half of one per cent of alcohol by volume; and (3) it is not alleged that the liquor was fit for use for beverage purposes.   [7] The standards by which the informations are to be tested are furnished by those rules of pleading in criminal actions which are recognized by our state practice as the established rules of this jurisdiction. The Wright Act has adopted the "penal provisions" of the National Prohibition Act, but none of its procedural provisions.   When the informations are tested by the rules of pleading established in this jurisdiction, there can be no question as to their sufficiency.   The name of the person to whom the liquor was sold is neither descriptive of nor of the essence of the offense charged, and therefore its allegation is not essential.   (*State* v. *Freulli,* 98 N. J. L. 395 [119 Atl. 787]; *People* v. *Malone,* 68 Cal. App. 615 [229 Pac. 1000].) [8] As to the objection that there is no allegation that the liquor contained more than one-half of one per centum of alcohol or that it was fit for use as a beverage, it is sufficient to say that the offenses are charged substantially in the language of the penal provisions of the Volstead Act.   Section 3 of title II of that act (U. S. Comp. Stats. Ann. Supp. 1923, sec. 10138½aa), declares that "no person shall . . . manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, except as author-

ized in this act." It is not necessary to negative any of the exceptions, for the language defining the offenses is so separable from the exceptions named in the statute that the ingredients constituting each offense may be accurately and clearly defined and described without reference to the exceptions. See *State* v. *Snyder* (N. M.), 227 Pac. 613. The offenses denounced by the statute are the unlawful manufacture, sale, etc., of "intoxicating liquor." Whether the liquor unlawfully manufactured, sold, or possessed, etc., be of such generally recognized intoxicating liquors as brandy, whisky, wine, or beer, or whether it be some other kind of intoxicating liquor which is fit for use as a beverage, the description of it as "intoxicating liquor" comes within the general designation contained in the statute; and under the rule established by the decisions in this state that is all that is necessary. (*People* v. *Johnson,* 63 Cal. App. 178 [218 Pac. 449]; *People* v. *Cencevich,* 64 Cal. App. 39 [220 Pac. 448]; *People* v. *Silva,* 67 Cal. App. 351 [227 Pac. 976].)

Works, J., concurred.