## SUPERIOR  COURT

State
vs.                        }Ind.No.12669
Sigmund Rand et al
RESCRIPT
May 11, 1925

HAHN,  J.  Heard on defendants' motion to quash the indictment.

The indictment charges that the defendants "unlawfully and fraudulently did combine, confederate, conspire and agree together by divers unlawful means, unlawfully and designedly to secrete and hide in their control and possession certain large quantities of intoxicating liquors containing more than one-half of one per centum of ethelic alcohol by volume, fit for beverage purposes," etc.

Defendants moved to quash the indictment on several grounds, chiefly "because there is no crime known to the law as secreting and hiding intoxicating liquors either by common law"

or by statute."

The indictment does not charge a conspiracy to merely secrete and hide intoxicating liquors, but to secrete and hide them in defendants' control and possession. Webster gives "control" as a synonym for "possess," so that "control" as used here appears to be mere surplusage; and if the goods were hidden and secreted in defendants' possession, defendants would certainly be possessed of them. And while the statute used the word "possess" and the indictment "possession," there is no variance as so used.

"A motion to quash the indictment for its failure to use the expression 'had in his possession' the liquor in question, was properly overruled, as it appears that the indictment charged the accused 'did possess' such liquor, and we seen no substantial variance."

Rainey v. State, 231 S. W. 118.

In the present case it would appear that the indictment substantially charges the very act which takes place when the statute in question is violated; the wrongdoer secretes and hides the liquor in his control and possession or endeavors by conspiring with others to possess it secretly in order to avoid detection and conviction. In other words, the indictment describes the act intended to be denounced by the statute, and this is sufficient.

"We conclude that, while the indictment does not in all respects conform to the statutory provisions, yet we perceive no reason why it is not sufficient to put the defendant upon notice of the offence charged, since it in words describes the act intended to be denounced by the statute."

Elkhorn Mining Corp. v. Commonwealth, 191 S. W. 256.

In the case just cited the statute made it a crime to "furnish or rent"

land for the sale of intoxicating liquors. The indictment charged that defendant "permitted" a person to sell liquor on defendant's premises, and the court said:

"The words used in a statute to define an offence need not be strictly pursued in an indictment, but other words conveying the same meaning may be employed. If it be in substance the same, it will be sufficeint."

It would appear that the words used in the indictment in the present case substantially charged the offence prohibited by the statute. Our own Supreme Court has said:

"It is not necessary to use the exact words of the statute, if it adequately charges the offence therein set forth."

State vs. Flanagan, 25 R. I. 369, 370.

"The words 'unlawfully' and 'recklessly' in the complaint are descriptive of the manner in which the defendant drove the motor vehicle into and against the team driven by the complainant * * *. They negative any inference that the collision was an innocent accident."

State vs. Welford, 29 R. I., 450, 453.

In the present case the common understanding and ordinary meaning of the phrase or language used in the indictment would appear to be "unlawfully to possess in secret," the gist of the charge being possession and the rest descriptive of that possession. It is difficult to believe, therefore, that the defendants are not well apprised of the real charge against them.

"In each of said counts the charging part of the count contains the word 'unlawfully,' i. e. the possession of the distilling apparatus, the manufacture and possession in each instance is charged to be unlawful, and seems to me to be sufficient to rescue the information from attack by

demurrer or motion to quash."

United States vs. Everson, 280 Fed. 126.

The case just cited was prosecuted under the National Act which makes it unlawful to possess liquor, etc. (Title II, Sec. 25).

The present indictment is sufficient, and the motion to quash is denied.

For State: Benjamin M. McLyman.

For Defendant: Rosenfeld & Hagan.