[Crim. No. 1385. First Appellate District, Division Two.—September 28, 1927.]

THE PEOPLE, Respondent, v. ROCCO RUSSO, Appellant.

Nathan C. Coghlan, Walter Duane and Austin W. Arnold for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Defendant appeals from a judgment of conviction of the crime of murder in the first degree. Upon recommendation of the jury, the sentence was imprisonment. The testimony shows that the defendant shot and killed Rosilina La Fata upon a public street in San Francisco on February 27, 1924. Defendant was identified by witness Robert Lantz, who was standing within a few feet of the deceased at the time of the murder, and also by witness Martin M. Armstrong, who heard the fatal shots fired and saw the defendant fleeing the scene of the murder.

The assignments of error are certain rulings sustaining objections to evidence, and one instruction given.

On cross-examination witness Lantz was asked if he had any particular business that took him to the soft-drink parlor which was in the neighborhood of the crime, where

he had met the deceased. A general objection to this question was sustained. Appellant suggests several possible ways in which an answer to this question might be of benefit to the defendant, but they are not called for by the question. Also the record shows that the cross-examination of the witness did not restrict inquiry into the subject matters now suggested by appellant. The defense was not permitted to ask this witness a question concerning a certain part of his testimony shown in the transcript of proceedings before the grand jury. The objection made was that it was not impeachment. Appellant has not incorporated this matter in the record, nor even stated its substance, and consequently we must assume that the ruling complained of was correct.

An objection was sustained when this witness was asked on cross-examination whether he had seen anyone else but the defendant "run down that way" after the shooting. This question could properly have been allowed as testing the witness' recollection in the discretion of the court, or as a part of the *res gestae*, but the ruling does not appear to have been injurious. In view of the near-by eye-witnesses to the murder and their identification of the defendant, which in no way depended upon what happened after the shooting, this was not an important part of the *res gestae*. The error was technical and not substantial.

The defendant's mother was permitted to testify that she had received letters from her son after about the middle of February, 1924. An objection was sustained to the question, "Do you know where those letters were written from?" Apparently the question called for the witness' opinion or conclusion. Upon this objection being sustained no further proof was offered on the subject. If appellant sincerely desired to prove that defendant had written and mailed letters at a time and place indicating his absence from the place of the crime on February 27, 1924, he was not foreclosed by this ruling from putting proper questions and offering proper testimony upon that point.

The appellant did not testify in his own behalf. He offered no instruction concerning this fact. The court instructed the jury upon its own motion that "the fact that he does not take the stand should in no sense be held by you to be prejudicial to any of his rights." This is substantially the same meaning as expressed in Penal Code,

section 1323, by the expression "cannot in any manner prejudice him." The instruction given in *People* v. *Emmons*, 13 Cal. App. 487, 492, 493 [110 Pac. 151], was different, for, as was pointed out in *People* v. *Ruef*, 14 Cal. App. 576, 610 [114 Pac. 48, 56], instead of stating that his failure to take the stand should not create a prejudice or unfavorable inference against him, it called the jury's attention to the fact that had the defendant been a witness he could have been cross-examined. The instruction here does not contain this objectionable part and was properly given.

The judgment and order appealed from are affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 27, 1927.