[Crim. No. 1921.   Second Appellate District, Division Two.—May 23, 1930.]

THE  PEOPLE,  Respondent,  v.  SAUL  LaBOW  et  al., Appellants.

48

Mark F. Jones and Joseph L. Fainer for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—The defendants were convicted of a conspiracy to "sell, possess and transport intoxicating liquor fit for beverage purposes, containing more than one-half of one per cent of alcohol by volume." They appeal from the judgment and an order denying their motion for a new trial.

The first ground assigned for a reversal is that the indictment does not charge a public offense, and we shall at this time direct our attention to their argument in this particular. We have quoted that portion of the indictment claimed to be insufficient. It is insisted that it should have charged that the defendants conspired together that they would "*unlawfully*" sell, possess and transport intoxicating liquor, etc., and also that it fails to state that the liquors were *for* beverage purposes. The attorney-general asserts that the appellants waived the point relied upon by failing to demur to the indictment, and by waiting to urge it before the trial court until argument upon a motion in arrest of judgment. We think this contention must be sustained. It may be assumed that had a demurrer been interposed the indictment would have been fatally defective. But section 1185 of the Penal Code by its terms provides that an objection which is waived by a failure to demur, is not tenable as a ground for a motion in arrest of judgment. It is here to be noted that the indictment charges that the defendants "did wilfully, unlawfully and feloniously agree, conspire and combine together that they would sell, etc." Some meaning must be attached to this language. They could

not unlawfully and feloniously conspire to lawfully sell, possess and transport. We are therefore brought to a point parallel with the case of *People* v. *Mead*, 145 Cal. 500 [78 Pac. 1047, 1048], where a similar objection to an information was attempted to be urged for the first time upon a motion in arrest of judgment and wherein it was held that the objection was waived, the court saying: "If the defendant before the trial had presented a demurrer to the information; and had then urged the defect therein which he now suggests, there could have been an opportunity for the court to have directed an amendment of the information, curing the defect. Instead of raising the question at that point in the case, he seeks to gain an advantage by taking the chances of an acquittal upon the trial, and after conviction attempting to get a new trial by reason of the defect which he should have urged before." Again, in *People* v. *Rodley*, 131 Cal. 240 [63 Pac. 351, 355], a case involving a charge of perjury, it was urged that the indictment failed to allege the falsity of all the sworn statements of the defendant, and the court said: "However, it seems plain here that the indictment states facts constituting an offense, and the worst that can be said of it is, that it is not specific and certain as it should have been in its allegations as to the falsity of the numerous statements of defendant charged to have been perjurious; and perhaps the indictment for that reason does not conform to the requirements of sections 950 and 952 of the Penal Code. But an uncertainty of such character would be waived by the defendants' failure to demur. He cannot, under our system, lie by until he shall see the result of a trial of his case on the merits and then be permitted to take advantage of a mere uncertainty in the indictment by motion in arrest of judgment." To the same effect see *People* v. *Norcross*, 71 Cal. App. 2 [234 Pac. 438], and 8 Cal. Jur., sec. 466, with cases there cited.

The appellants also contend that the evidence is insufficient to justify the verdict. We deem it unnecessary to set forth the testimony in detail for the reason that therefrom it plainly appears that, at least, the two appellants were jointly engaged in the business of selling and delivering intoxicating liquors contrary to law, and the jury were authorized to conclude that they had agreed and conspired to-

gether, as they no doubt had, to violate the prohibition laws. The evidence amply sustains the verdict.

It is next insisted that the court erred in failing to give certain instructions requested by the defendants. The first instruction proposed is the usual one, as follows: "the defendants may rely for their acquittal upon the evidence offered without testifying, you are to draw no inference of guilt from the fact that the defendants do not testify." However, the court did tell the jury in another instruction that "a defendant in a criminal case is never required or expected to prove his innocence," the burden being upon the state to establish guilt beyond all reasonable doubt, and that they were "not to be prejudiced against any defendant by reason" of his failing to take the stand. The court also read section 1096 of the Penal Code to the jury, wherein it is said that the defendant "is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal. . . . " Undoubtedly the proposed instruction was proper and should have been given, but under all the circumstances of the instant case we cannot believe that the rights of the defendants were seriously or at all impaired or prejudiced. In view of the instructions given the jury must have understood that it was the duty of the prosecution to produce proof of guilt beyond a reasonable doubt and that in its determination of that question the defendants were not to be prejudiced by their failure to testify. The present case involves a situation quite different from that presented in *People* v. *Emmons,* 13 Cal. App. 487 [110 Pac. 151]. In the cited case the court by its instruction directed the attention of the jury to the fact that had the defendant offered himself as a witness he would have exposed himself to the perils of cross-examination. The difference was noted in *People* v. *Russo,* 85 Cal. App. 672 [259 Pac. 1020].

Appellants also complain because the court failed to give an instruction requested by them to the effect that a conspiracy cannot be established by mere suspicion nor by evidence of a mere relationship between the parties. Aside from the fact that the jury was given to understand that the fact of conspiracy was to be proven as any other fact and beyond a reasonable doubt, there remains the evidence which is sufficient to convince any reasonable person that the de-

fendants had in fact an understanding and agreement for the purpose of dealing in intoxicating liquors. It is difficult to conceive any possible prejudice to their rights.

Judgment and order affirmed.

Craig, Acting P. J., and Gates, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 7, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1930.