[Crim. No. 1933.   Second Appellate District, Division Two.—July 23, 1930.]

THE PEOPLE, Appellant, v. HUGH C. DEAN et al., Respondents.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Appellant.

C. B. Conlin and S. Jack Cohen for Respondents.

CRAIG, J.—An indictment charging seven persons with conspiracy to commit certain alleged· offenses was attacked

as insufficient by objections to the introduction of evidence, which were overruled. After trial resulting in a disagreement of the jury the case was reset for trial at a subsequent date, at which time, and before the introduction of any evidence, the defendants moved that the indictment be dismissed and the defendants discharged, which motion was granted. The People appeal from this latter order.

The indictment alleged that on or about July 15, 1929, the defendants "did wilfully, unlawfully and feloniously agree, conspire and combine together that they should sell, possess and transport intoxicating liquor fit for beverage purposes, containing more than one-half of one per cent of alcohol by volume." In separate paragraphs it was further charged as overt acts that upon certain dates the defendants did thereafter "sell, transport and possess intoxicating liquor fit for beverage purposes, containing more than one-half of one per cent of alcohol by volume." The respondents argue, principally, that the pleading was fatally defective in that it failed to allege that they "unlawfully" possessed, sold or transported liquor, and that it did not allege that the liquor was *for* beverage purposes.

■ In the recent case of *People* v. *LaBow et al.*, reported in 106 Cal. App. 47 [288 Pac. 880], a pleading nearly identical with that now before us was considered. It was there held in effect that although the indictment was defective in the particulars wherein the present indictment is attacked, such defects constituted only uncertainties not amounting to a failure to state a public offense. In that case no demurrer was interposed, and therefore a motion after trial in arrest of judgment was properly denied. Here, although there is no demurrer, it cannot be said that the defects in the indictment were waived, nor that the court's attention was not called to them in a timely and effective manner. The situation is as though no trial had taken place, and a motion to set aside the indictment was made before trial. ■ To be sure, such a motion should not have been granted without the trial court first permitting the withdrawal of the defendants' pleas (*People* v. *Ronsse,* 26 Cal. App. 100 [146 Pac. 65]; *People* v. *Linton,* 102 Cal. App. 608 [283 Pac. 389]). However, the trial court has clearly indicated its attitude and purpose, and inasmuch as the indictment is obviously defective we think

the ends of justice are best subserved by reversing the order of dismissal, but in so doing remanding the cause with instructions that the lower court, if it be so advised, permit a withdrawal of the pleas and then entertain a motion to dismiss the indictment, or in its discretion that it direct the matter to be submitted to the same or another grand jury.

The order and judgment of dismissal are reversed and the cause is remanded in accordance with the views herein expressed.

Works, P. J., and Thompson (Ira F.), J., concurred.